JESSE MAYZONE v. THE STATE.

No. 5947.   Decided November 3, 1920.

1.—Theft From Person—Theories of the Case—Charge of Court.

Where, upon trial of theft from the person, by snatching the property from the injured party so suddenly as not to allow time for resistance, the evidence in the case presented three theories: first, that charged in the indictment; second, that there was resistance by the injured party; and third, that the defendant obtained the money by means of a fraudulent bet, and the charge presented these theories fairly well and there was no exception to the charge, except a very general one, there was no reversible error on that ground, although the charge might have been more specific in submitting these different theories.

2.—Same—Practice in District Court—Different Defendants.

Where two different defendants were charged by separate indictments for the same offense, but were tried jointly and only one charge given in the case, and there was objection in not charging the law separately under each case, the court should have done so.

3.—Same—Allegation—Resistance by Party Injured.

Unless the facts supported the allegations in the indictment charging theft from the person that the property alleged was so suddenly taken as not to allow time for resistance, the conviction could not be sustained, if the evidence showed that there was a struggle between defendant and the party injured; or, under the phase of the facts that the defendant obtained the money by means of a fraudulent bet.

4.—Same—Evidence—Arrest—Declarations by Defendant.

Where, upon trial of theft from the person, the State was permitted, over the objection of the defendant, to prove inculpatory statements made by one of them to the party having him under arrest while in custody and some were made before the grand jury while he was under arrest, and these statements were not made according to the statute, Article 810, C. C. P., and were not in writing, etc., the same should not have been admitted in evidence, and the same was reversible error.

5.—Same—Evidence—Declarations by Co-defendant.

Where, upon trial of theft from the person, the defendant objected to the introduction of the statements of his co-defendant made after the transaction in the absence of the defendant, the same should have been sustained.

Appeal from the District Court of Taylor.   Tried below before the Honorable W. R. Ely.

Appeal from a conviction of theft from the person; penalty, two years in the penitentiary.

The opinion states the case.

*Kirby, King & Keeble,* for appellant.—On question that where parties are tried jointly in a criminal case under separate indictments each defendant is entitled to a special written charge: Reed v. State, 9 Texas Crim. App., 317; Smith v. State, 7 id., 414; Reynolds v. State, 8 id., 412; Webb v. State, 83 S. W. Rep., 394; Washington v. State, 110 id., 751; McClure v. State, 128 id., 386; Pendley v. State, 158 id., 811; McPherson v. State, 182 id., 1114; Holmes v. State, 9 Texas Crim. App., 313; Jones v. State, 115 S. W. Rep., 1197; Sellers v. State, 134 id., 348.

On question of confessions when under arrest: Hernan v. State, 60 S. W. Rep., 766; Rice v. State, 179 id., 876; Warren v. State, 29 Texas, 370; Nolen v. State, 9 Texas Crim. App., 419; Hernan v. State, 38 S. W. Rep., 623; Price v. State, 40 id., 596; Green v. State, 120 id., 1002; Overstreet v. State, 150 id., 899; Boyd v. State, 180 id., 230; Williams v. State, 199 id., 296; Wright v. State, 208 S. W. Rep., 919; Wood v. State, 211 id., 944.

On question of court's charge on different theories of defense: Johnson v. State, 117 S. W. Rep., 964; Rocquemore v. State, 99 id., 547.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was charged with theft from the person in that he committed the theft by snatching the property so suddenly as not to allow time for resistance.

The State's theory was that appellant and Till Deckerd were together and engaged McReynolds in conversation with reference to selling McReynolds a ten dollar gold piece, which seems to have been used by Deckerd as a watch-charm. They offered to sell it to McReynolds for ten dollars  He stepped in a store, got the money and came out on the sidewalk where appellant and Deckerd were. While talking appellant jerked the money from McReynolds and ran away. Deckerd also ran, but in a different direction. There is some evidence at this point that there was a struggle or resistance on the part of McReynolds to the taking of the money. Appellant's theory of the case was that one of the defendants dropped a handkerchief on the sidewalk in passing where McReynolds was and came back directly and got his handkerchief. In one corner of the handkerchief was tied a beer stopper. The handkerchief was untied and a coin taken from the beer stopper. The beer stopper was again tied in the handkerchief. The other defendant came along and a conversation occurred with reference to the handkerchief and coin taken from it, and he offered to bet there was another coin in the beer stopper. Mc-

Reynolds proposed to bet him ten dollars there was not. Deckerd insisted that if he bet with him he would lose his money, that there was another coin in the stopper. McReynolds insisted on making the bet and Deckerd put up the gold piece against ten dollars. McReynolds went in a store, got ten dollars, and when the money was put up the handkerchief was untied and the beer stopper taken out, and a little cork was removed from the beer stopper and under that cork was another coin, and that it was by this means the money was obtained.

This presents three theories, one by the State as charged in the indictment, which if proved satisfactory beyond a reasonable doubt, would entitle the State to a conviction upon the charge in the indictment. If there was resistance on the part of McReynolds when the money was taken in the struggle or scuffle, then appellant would be entitled to an acquittal, because the allegation in the indictment, that the money was taken so suddenly as not to allow time for resistance, was not sustained. The third theory, to-wit: was the fraudulent manner in which appellant obtained money by means of the bet. This, if true, would defeat the State's case. These theories were fairly well presented we think by the charge of the court. There was no exception to the charge, except a very general one to the effect that the charge as given was a statement of abstract propositions. Upon another trial the charge of the court might be more specific and definite in submitting these theories than as shown by the charge. Appellant asked some special instructions to this effect which were refused. This is said in passing so that upon another trial the issues may be pointedly and specifically given in the instructions.

The record presents the case as having been tried in rather a peculiar way. The parties, Deckerd and appellant, were charged by separate indictments for the same offense. They were tried jointly however, and one charge only given in the case The charge wants definiteness in submitting the case under the attitude in which it was presented. It is claimed, however, that the court was in error in not charging the law separately as to each case. We are of opinion that the court should have done this. However, there is one question in the case that requires a reversal. The defendant Deckerd testified. The State was permitted over objection of appellant to prove inculpatory statements of Deckerd. Some of these statements were made to the party having him under arrest and some were made before the grand jury. He was under arrest. The record is clear that he was unwarned, and his statements were not reduced to writing and signed by the maker. The authorities sustain the proposition that the statements of a party under arrest can not be used against him on the trial unless he has been warned and the statements have been reduced to writing. This is not only so under the decisions but is so by statute, Art. 810, C. C. P. This applies to the testimony whether

it is before the grand jury or if the party is under arrest when the statements are made. Appellant's further objection is that the statements of Deckerd, made after the transaction in the absence of defendant, could not be used against him; that they were hearsay and in no way binding upon him. This, under all the authorities, seems to be correct.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*