### MAYZONE v. STATE. (No. 5947.)

(Court of Criminal Appeals of Texas. Nov. 3, 1920.)

1. Larceny ⊜19—Evidence of resistance prevents conviction for snatching without time for resistance.

In a prosecution for theft from the person by snatching the property so suddenly as not to allow time for resistance, evidence that the prosecuting witness resisted and that the money was taken in the struggle or a scuffle, if true, would entitle accused to an acquittal.

2. Criminal law ⊜793—Separate charge on joint trial of separate indictments should be given.

Where two parties were separately indicted for the same offense but tried jointly, the court should have charged the law separately as to each case.

3. Criminal law ⊜406(2)—Statements while under arrest incompetent without warning and reduction to writing.

Statements made by accused while under arrest, some of which were made to the party having him under arrest and some of which were made to the grand jury, are all incompetent where the record shows that accused was not warned and that his statements were not reduced to writing and signed by him as required by Code Cr. Proc. 1911, art. 810.

Appeal from District Court, Taylor County; W. R. Ely, Judge.

Jesse Mayzone was convicted of theft from the person, and he appeals. Reversed and remanded.

Kirby, King & Keeble, of Abilene, for appellant.

Alvin M. Owsley, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was charged with theft from the person, in that he committed the theft by snatching the property so suddenly as not to allow time for resistance.

The state's theory was that appellant and Till Deckerd were together and engaged McReynolds in conversation with reference to selling McReynolds a $10 gold piece, which seems to have been used by Deckerd as a watch charm. They offered to sell it to McReynolds for $10. He stepped in a store, got the money, and came out on the sidewalk where appellant and Deckerd were. While talking, appellant jerked the money from McReynolds and ran away. Deckerd also ran, but in a different direction. There is some evidence at this point that there was a struggle or resistance on the part of McReynolds to the taking of the money. Appellant's theory of the case was that one of the defendants dropped a handkerchief on the sidewalk in passing where McReynolds was and came back directly and got his handkerchief. In one corner of the handkerchief was tied a beer stopper. The handkerchief was untied and a coin taken from the beer stopper. The beer stopper was again tied in the handkerchief. The other defendant came along, and a conversation occurred with reference to the handkerchief and coin taken from it, and he offered to bet there was another coin in the beer stopper. McReynolds proposed to bet him $10 there was not. Deckerd insisted that if he bet with him he would lose his money; that there was another coin in the stopper. McReynolds insisted on making the bet, and Deckerd put up the gold piece against $10. McReynolds went in a store, got $10, and when the money was put up the handkerchief was untied and the beer stopper taken out, and a little cork was removed from the beer stopper, and under that cork was another coin, and that it was by this means the money was obtained.

[1] This presents three theories, one by the state as charged in the indictment, which if proved satisfactorily beyond a reasonable doubt would entitle the state to a conviction upon the charge in the indictment. If there was resistance on the part of McReynolds when the money was taken in the struggle or scuffle, then appellant would be entitled to an acquittal, because the allegation in the indictment that the money was taken so suddenly as not to allow time for resistance was not sustained. The third theory, to wit, was the fraudulent manner in which appellant obtained money by means of the bet. This, if true, would defeat the state's case. These theories were fairly well presented we think by the charge of the court. There was no exception to the charge, except a very general one to the effect that the charge as given was a statement of abstract propositions. Upon another trial the charge of the court might be more specific and definite in submitting these theories than as shown by the charge. Appellant asked some special instructions to this effect which were refused. This is said in passing so that upon another trial the issues may be pointedly and specifically given in the instructions.

[2, 3] The record presents the case as having been tried in rather a peculiar way. The parties, Deckerd and appellant, were charged by separate indictments for the same offense. They were tried jointly, however, and one charge only given in the case.

---

The charge wants definiteness in submitting the case under the attitude in which it was presented. It is claimed, however, that the court was in error in not charging the law separately as to each case. We are of opinion that the court should have done this. However, there is one question in the case that requires a reversal. The defendant Deckerd testified. The state was permitted over objection of appellant to prove inculpatory statements of Deckerd. Some of these statements were made to the party having him under arrest, and some were made before the grand jury. He was under arrest. The record is clear that he was unwarned, and his statements were not reduced to writing and signed by the maker. The authorities sustain the proposition that the statements of a party under arrest cannot be used against him on the trial unless he has been warned and the statements have been reduced to writing. This is not only so under the decisions, but is so by statute. Article 810, C. C. P. This applies to the testimony whether it is before the grand jury or if the party is under arrest when the statements are made. Appellant's further objection is that the statements of Deckerd, made after the transaction in the absence of defendant, could not be used against him; that they were hearsay and in no way binding upon him. This, under all the authorities, seems to be correct.

The judgment will be reversed, and the cause remanded.