## JEFF RILEY v. THE STATE.

### No. 7306. Decided January 10, 1923.

**Theft—Evidence—Confessions.**

Where, upon trial of misdemeanor theft, the sheriff gave original testimony in behalf of the State to the effect that the defendant, after he was arrested and while in custody, stated that he had gotten the chickens northwest of Stephenville, and that he had bought them, but could not call the man's name that he said he bought them from, to which objections were overruled, the same was reversible error. Following Herman v. State, 42 Texas Crim. Rep., 464, and other cases.

Appeal from the County Court of Erath. Tried below before the Honorable Arch Jones.

Appeal from a conviction of theft of chickens; penalty, a fine of $250 and one year confinement in the county jail.

The opinion states the case.

*Oxford & Johnson*, for appellant.

*R. G. Storey*, Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for theft; punishment fixed at a fine of $250 and confinement in the county jail for a period of one year.

The evidence is circumstantial but sufficient to support the finding

of the jury that the appellant was connected with the theft of eight chickens. The sheriff gave original testimony in behalf of the State to the effect that the appellant, after he was arrested and while in custody, stated that "he had gotten the chickens northwest of Stephenville, he said he bought them, I cannot call the man's name that he said he bought them from." Timely and proper objection was urged against the receipt of this testimony upon the ground that it was obnoxious to the statutory rule against the receipt in evidence against one accused of crime of his confession not made under the circumstances authorized by Article 810, Code of Crim. Procedure. In the syllabus in the case of Herman v. State, 42 Texas Crim. Rep., 464, there is embraced what is conceived to be a correct interpretation of the statute in these words:

"A confession or admission of an inculpatory fact by a defendant, where he is under arrest and unwarned, cannot be used as evidence against him. Any fact or circumstances involved in a statement by defendant while in jail or under arrest, and when he has not been cautioned, which may be used by the State as a criminative or inculpatory fact against him, comes within the statutory rule as to confession, although the same may not be technically a confession or admission. And defendant cannot be impeached as to such statements."

Other cases supporting this rule are collated in Dover's case, 81 Texas Crim. Rep., 553. On the subject, see, also, Dodd v. State, 82 Texas Crim. Rep., 139; Willoughby v. State, 87 Texas Crim. Rep., 40; Mayzone v. State, 88 Texas Crim. Rep., 98, 225 S. W. Rep., 55.

The receipt of the evidence was erroneous. It was susceptible to the construction by the jury as an admission on the part of the appellant that he was in possession of the stolen chickens. Their identity was a contested question of fact, and it cannot be said that the error was not harmful.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*