Donald SUMMERS, Appellant,

v.

Dr. George J. BETO, Director, Texas Department of Corrections, Appellee.

No. 25711.

United States Court of Appeals
Fifth Circuit.

Nov. 6, 1968.

Donald Summers, pro se.

Lonny F. Zwiener, Asst. Atty. Gen., Austin, Tex., Preston H. Dial, Jr., 1st Asst. Dist. Atty., San Antonio, Tex., Crawford Martin, Atty. Gen. of Texas, James E. Barlow, Criminal Dist. Atty.,

Bexar County, Tex., Sparta Bitsis, Asst. Dist. Atty., for appellee.

Before RIVES and DYER, Circuit Judges, and MEHRTENS, District Judge.

PER CURIAM:

Donald Summers (alias "Sommers") was convicted and sentenced to consecutive terms, after separate jury trials on separate indictments.[1] The initial conviction was for robbery by assault with firearms; the second conviction was for assault with intent to commit murder with malice and stemmed from a knife attack on a guard during an abortive escape attempt. Summers was represented at trial on each occasion by two appointed counsel. Counsel prosecuted his appeal in the first case, but declined to do so after consultation with the trial judge in the second case. The robbery judgment was affirmed by the Texas Court of Criminal Appeals. Sommers v. State, 1958, 165 Tex.Cr.R. 575, 310 S.W. 2d 106. The assault judgment, appealed pro se and in which the bills of exception were accidentally misfiled by appellate court officials, was affirmed with the following comment: "No briefs have been filed, and no formal bills of exception appear in the record." Summers v. State, 1958, 167 Tex.Cr.R. 124, 318 S.W. 2d 661, 662.

The United States District Court for the Western District of Texas, after a full evidentiary hearing in which Summers was represented by able counsel, denied his petition for writ of habeas corpus. His counsel recommended that he exhaust his state remedies. Summers refused, requested that counsel withdraw (which the court permitted), and filed a petition for reconsideration. This petition was denied with the following observation:

"[T]he Court [is] of the opinion that Petitioner is entitled to an out-of-time appeal of his conviction in Cause Num-

---

1. A third indictment, on which he was never tried but which was secured at the same time as the initial indictment, was quashed nunc pro tunc on the trial court's own motion between the time of Summers' first trial and appeal therefrom.

ber 56525 [assault], in the Criminal District Court of Bexar County, Texas, but he is entitled to no relief from his conviction and sentence of twenty (20) years * * * in Cause Number S–55833 [robbery]. * * * "

Without prejudice to Summers' seeking collateral relief in the state courts, the judgment of the district court is affirmed. State of Texas v. Payton, 5 Cir. 1968, 390 F.2d 261; Carroll v. Beto, 5 Cir. 1967, 379 F.2d 329.

Affirmed.