**Genevieve SMITH, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42480.**

Court of Criminal Appeals of Texas.

Jan. 14, 1970.

Rehearing Denied March 4, 1970.

Gibson, Ochsner, Adkins, Harlan & Hankins, by James H. Doores, Amarillo (on appeal only), for appellant.

Jack B. Boone, Dist. Atty., Memphis, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for arson; the punishment, two years.

In her grounds of error one through four, the appellant challenges the sufficiency of the evidence. The state's evidence is as follows: The fire originated from a natural gas explosion that occurred in the rear portion of the appellant's and her husband's residence around 5 p. m., on April 28, 1967. The appellant had been at the house since approximately 2:30 p. m. of that day until shortly after the explosion when she was found face down on the floor at the front door of the house. The appellant was taken to a nearby residence and then to the hospital where she was treated for burns on the front part of her legs and for a concussion. Upon entering the house, firemen and officers discovered that the cap was off the natural gas line in the back bedroom. In the front bedroom the cap on the gas line had been unscrewed until it was within three quarters of a turn of coming off; a candle within a glass saucer was found about a foot or a foot and

a half from the gas line. The wick on the candle had been burned, and there were matches scattered around the saucer. A second candle in a saucer was found under the bed in the front bedroom. The gas heater in the bathroom was on but was not burning. In the kitchen, two cans of charcoal lighter fluid were found, and in the garbage can in the alley a one-half gallon can of charcoal lighter fluid was found, and an insurance policy covering house and contents was found on a table in the livingroom.

Immediately after the fire, the fire department roped off the house, boarded the windows, and placed a guard to keep people out until an arson investigator could arrive.

James Riddle, an arson investigator, testified that he was asked by the sheriff to investigate the fire, and during his investigation, he discovered the following: Underneath the floor of the house were some old clothes, papers, and charcoal briquets, part of which were soaked in a substance that smelled like kerosene and part of which were found in a plastic bucket, and a section of copper tubing that carried gas from under the house to the gaslight in the yard had been cut from the line and was found under the floor. Riddle further testified that in his opinion the gas caps that had been removed and loosened in the bedrooms allowed the natural gas to escape; that it was the candle in the front bedroom that ignited the gas; that in his opinion he had excluded all possible accidental or natural causes of this fire; and that the fire was of incendiary origin.

Leslie C. Smith, chemist for the Department of Public Safety in Austin, testified that items of clothing and a bucket delivered to him contained flammable hydrocarbons, and that a pair of Millbar wire twisting pliers (which a deputy sheriff had found in the Smith home) had traces of copper in the teeth.

The evidence further established that the appellant and her husband had recently been in financial difficulty.

The court charged the jury on circumstantial evidence and on the law of principals. Elmer Smith, the appellant's husband, was acquitted by the jury, and the appellant was found guilty.

■ The evidence is sufficient to sustain the conviction; appellant's first four grounds of error are overruled.

The appellant's fifth ground of error contends, "The trial court committed material error calculated to injure the rights of the appellant in admitting testimony as to certain scientific tests conducted by the witness, Leslie C. Smith, and the results of said tests when no proper predicate had been laid showing a continuous chain of custody of said items from the house of appellant to the possession of Leslie C. Smith."

The record reflects that copper tubing, Millbar pliers, clothing, one dirt sample, greasy paper, and charcoal briquets with fluid over them were all found in or near the appellant's home and were taken to Austin by Sheriff Nunn who testified that, "We turned it over to the man in charge of the laboratory who turned it over to one of his chemists. I believe Leslie or Smith was the chemist who actually did the work and signed the letter that he sent back to me." Leslie Smith, the Department of Public Safety chemist, testified that articles were "brought to the laboratory in Austin by Sheriff Nunn" and in regard to admission in evidence of the three pieces of copper tubing, "These were the three pieces of copper tubing, which were brought to the laboratory by Sheriff Nunn and given to me for analysis."

■ The chain of custody was sufficiently traced to authorize the admission of the testimony pertaining to said items and the results of the tests made on them.

■ In her sixth ground of error, the appellant contends that, "The trial court erred in failing and refusing to grant the appellant's motion for a mistrial based on

the injection by the witness, Frank Grisham, of the fact that there had been other fires at the residence of appellant, which error was calculated to injure the rights of the appellant." The statement about the "other fires" was unresponsive and there was no objection thereto at the time it was made. The appellant's first objection to the unresponsive answer of witness Grisham and the motion for a mistrial was not made until the completion of his testimony and after the state had rested its case. The appellant's written motion to suppress recites that the testimony sought to be suppressed referred to fires at the residence of a neighbor of the appellant, and not at the appellant's house. This motion was granted. The court instructed counsel not to refer to or comment upon such testimony in any subsequent proceeding and in particular during the jury argument. No reversible error is shown. The appellant's sixth ground of error is overruled.

The appellant's seventh and eighth grounds of error complained that the trial court erred in the charge to the jury "by instructing the jury as to the law of principals when there was no evidence to support such instruction," and in that the charge "was a joint charge with the defendant, Elmer Smith, and deprived the appellant, Genevieve Smith, of a separate instruction to the jury concerning her guilt or innocence."

The Smiths were separately indicted. The evidence was sufficient to authorize a charge upon the law of principals. However, the court charged the jury upon the abstract law of principals, but made no application of it to the evidence in the case. In an opening paragraph of the joint charge, the court told the jury that the two cases were consolidated and that they "must apply the evidence admitted in your presence and the law as herein given you to each of the defendants individually, and you may find either one or both of the defendants guilty or not guilty of the offense of arson charged in the respective indictments." In applying the law to the evi-

dence on the issue of guilt or innocence, the court in separate paragraphs applied the evidence to the Smiths individually, and directed that the jury return separate verdicts in each case.

No affirmative defense was given in behalf of the appellant. There was no objection to such failure and no requested charge was submitted. The charge submitted "alibi" in behalf of Elmer Smith. No interlocking or interweaving appears in the charge as to make the guilt or innocence of one bear upon the guilt or innocence of the other.

■ It is better practice to charge the jury separately in each case on a joint trial. 31 Tex.Jur.2d 650, Sec. 103; Abbatta v. State, 51 Tex.Cr.R. 510, 102 S.W. 1125; Mayzone v. State, 88 Tex.Cr.R. 98, 225 S.W. 55.

■ In light of the nature of the offense alleged and the evidence, no reversible error is shown by the joint charge as given. Art. 36.19, Vernon's Ann.C.C.P. The seventh and eighth grounds of error are overruled.

In her ninth ground of error, the appellant complains of the admission in evidence of two charcoal lighter fluid cans found in the appellant's home because there was never any showing that the flammable liquids contained in these cans were ever connected in any way with the burning of the house.

Deputy Sheriff May testified, without objection, as follows:

"Q Thank you, sir. Now, while it (the residence) was under the custody of the Fire Department, did you continue to look around inside the house?

"A Well, yes.

"Q Did you select any articles you thought might be evidence?

"A Well, yes, out of the cabinet to the right, or to the North of the kitchen

sink, we found two charcoal lighter fluid cans. One of them was a pint Wizard can, I believe it was, with some fluid left in it, and the other one was a quart Gulf charcoal lighter fluid.

"Q Did you take those into your possession and mark them?

"A I did."

The appellant later objected to the offer and admission of the fluid cans into evidence. No motion was made to strike the testimony pertaining to them.

On direct examination, the appellant testified in part:

"Q To the best of your knowledge, they are? Now, for example, this pair of pliers that was testified that was found in the kitchen, they are similar to the pliers—

"A (Interrupting) They are similar to the ones in the kitchen drawer.

"Q You are not denying that any of these items are yours, are you?

"A No, sir.

"Q With respect to this lighter fluid, will you tell the Jury what use you had made of lighter fluid?

"A That half a can of lighter fluid, I bought from the Tri State Grocery Store at Claude, Texas, to get a gob of grease out of one of Richard Lee's shirts.

"Q All right. Had you used any lighter fluid for any other purpose?

"A We had gone camping maybe two or three weeks ago, and I had bought some from Rodney down here."

The admission of the two lighter fluid cans into evidence was not error. The ninth ground of error is overruled.

The judgment is affirmed.