**Donald SUMMERS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 30183.**

Court of Criminal Appeals of Texas.

Jan. 20, 1971.

Rehearing Denied March 17, 1971.

Carter, Callender & Branton, by Jonathan Sox, San Antonio, for appellant.

Ted Butler, Dist. Atty., Richard J. Woods, Edward J. R. Finck, Jr., and Lucien B. Campbell, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an out of time appeal resulting from the failure to appoint counsel for this indigent appellant at the time of his original appeal in 1958. Appellant's conviction for assault with intent to murder wherein the punishment was assessed at 15 years was affirmed by this court on original appeal. See 167 Tex.Cr.R. 124, 318 S.W.2d 661.

The facts of the case are there recited and need not be repeated in detail. Suffice it to say the record reflects that the appellant Summers, one Mulkey and one Nolan, all inmates of the Bexar County jail, were subpoenaed as witnesses in the trial of a criminal case against one Green in San Marcos, Texas. See Green v. State, 167 Tex.Cr.R. 330, 320 S.W.2d 139. On January 22, 1958, they were taken to San Marcos by Deputy Sheriffs Lobello and Maltsberger. During the course of their return trip to San Antonio that evening the three prisoners assaulted the two officers, and Deputy Maltsberger was stabbed with a knife. The escape attempt was unsuccessful.

By formal bill of exception the appellant complains of the court's action in sustaining the State's objection to the following question asked the prospective juror T. E.

Matthews which he also desired to ask every other prospective juror:

"Q. Mr. Matthews, does the publicity that you have heard and seen, and the reputation of the defendant as you know it and have heard it, all the things that you know about the case from both newspaper articles and personal discussions, and the citizen's opinion that you had said that you had formed on the spot cause you or make you anyless [sic] likely to believe the defendant than you would any other person?

"A. Yes, sir."

The nature and content of the State's objection is not reflected by the bill of exception and the voir dire examination of the jury panel is not in the record before us. The bill simply reflects the court ruled the question to be improper. Whether the State's objection was as to form or substance or both is thus not revealed. The question clearly appears to be improperly framed. It is somewhat confusing. It is not clear whether the questioner meant to refer to the appellant's possible testimony at the trial or not, or whether "any other person" has reference to witnesses in the case or just any person the prospective juror might imagine.

The bill of exception further reflects that subsequent to the question being asked and answered, the State elicited from the prospective juror that while he had discussed what he read in the newspaper about the case with his family, he had not discussed the case with anyone who knew the appellant or "his reputation either for truth and veracity or as a peaceable and law abiding citizen." He further stated the opinion he had formed was by reading the newspapers, and that he could lay aside that opinion and try the case wholly and solely upon evidence produced in court and would not be influenced in arriving at a verdict by any previously formed opinion. See Article 616(13), V.A.C.C.P., then in effect; Myers v. State, 71 Tex.Cr.R. 594, 160 S.W. 679. Cf. now Article 35.16(a) (10), Vernon's Ann.C.C.P.

The formal bill further reflects the prospective juror Matthews was excused by virtue of a peremptory challenge by the appellant. Neither the bill nor the record reflects that appellant exhausted his peremptory challenges or that any objectionable juror sat on the jury.

The court qualified the bill by declining to certify that there was any publicity characterizing the appellant "as a liar or person of untruthful character"; that prospective juror Matthews was never challenged for cause, and the appellant did not testify; that the prospective jurors were interrogated individually and apart from the others during the voir dire examination in this non-capital felony case; that each such prospective juror was questioned as to any publicity he had been exposed to concerning the appellant and the case in question; that any juror who had read or heard anything about the appellant or the case and who had formed or might have formed an opinion was not held qualified unless he also stated he could lay aside any such opinion and base his verdict upon the evidence admitted by the court and upon the law as instructed by the court and that such publicity would not affect their consideration of the case.

■ Under the record before us we find no merit in appellant's initial contention that he should have been permitted to put to each prospective juror the question asked the prospective juror Matthews.

■ Next, appellant contends that the court erred in permitting the deputy district clerk assigned to another district court to testify that the records of such court showed that the appellant had been indicted and convicted in that court of robbery by assault and sentenced to 20 years. His objection was that such testimony would be irrelevant and prejudicial and "not——competent for any purpose of showing motivation or status or anything else" since it was not a final judgment at the time of the alleged offense charged in the instant case.

On cross-examination it was developed that the mandate of the Court of Criminal Appeals had not been received in the prior robbery conviction at the time of the alleged offense, but on re-direct examination it was shown that the conviction had become final by the time of this trial.

Deputies Lobello and Maltsberger testified, without objection, that the status of the appellant was that of an inmate of the Bexar County jail and he had attacked them in an attempt to effectuate his escape. Certainly such testimony clarified appellant's status and was also admissible on the issue of intent and motive. Stephens v. State, 147 Tex.Cr.R. 510, 182 S. W.2d 707; Beard v. State, 146 Tex.Cr.R. 96, 171 S.W.2d 869; Stalcup v. State, 130 Tex.Cr.R. 119, 92 S.W.2d 443.

Further, in Stephens v. State, supra, it was held that "[i]n the case of murder of an officer by an escaped convict, testimony of the record clerk of the State penitentiary to the effect that the entries showing the defendant's status were public permanent records of the prison and correctly kept according to a system under the witness' supervision was properly received." 4 Branch's Ann.P.C., 2d ed., Sec. 2264, p. 625.

As to appellant's further claim that the court should not have permitted a showing that the prior robbery conviction had been final at the time of the instant trial, it is noted that such testimony was elicited on re-direct examination only after the appellant had inquired into the status of such conviction at the time of the alleged offense. We perceive no error.

Lastly, appellant complains of the admission, over objection, of testimony of assistant county jailer Ramchissel (custodian of the jail records) and court clerk Simmang. Ramchissel related that Nolan and Mulkey had been returned to the Bexar County jail from Huntsville on January 16, 1958, by virtue of a bench warrant. Simmang testified both Nolan and Mulkey

had been convicted of felonies in 1956 and 1957 in the District Court where the instant trial was being conducted.

The objection was that such testimony would relate to the "status, motivation or what-have-you of Nolan and Mulkey" and that they were not on trial and there was no joint indictment. The evidence shows that the appellant, Nolan and Mulkey were acting together in the commission of the alleged offense. Under the circumstances presented, no error is shown.

The judgment is affirmed.