**Hollis George BYRD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45738.**

Court of Criminal Appeals of Texas.

Feb. 21, 1973.

Monroe K. Walter, Houston, for appellant.

Carol Vance, Dist. Atty., James C. Brough, Asst. Dist. Atty., Houston, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of theft from the person. The jury assessed punishment at seven years.

The record shows that on the evening of November 4, 1970, Mrs. R. H. Yarborough and her husband were returning to their car which was parked on Fannin Street in downtown Houston when appellant attempted to snatch Mrs. Yarborough's purse. Mrs. Yarborough testified that the appellant ran by and grabbed the purse as she started to step into the car. Her purse was on her arm and she held on as he pulled on it. In the brief struggle that ensued, appellant pulled her halfway up the fender of the car before one of the straps of the purse broke. As he pulled her away from the car she caught hold of her purse with the other hand. Appellant was eventually successful in getting the purse.

Appellant contends that the evidence does not support the offense as charged in the indictment. He argues that the alleged theft occurred with the full knowledge of the complaining witness and that she was not only allowed time to do so, but did make a determined effort to resist. We agree.

The pertinent part of the theft from the person statute, Article 1438, Vernon's Ann.P.C., Section 2, provides:

> "2. The theft must be committed without the knowledge of the person from whom the property is taken, or so suddenly as not to allow time to make resistance before the property is carried away."

The testimony of the complaining witness shows that her purse was taken only after a struggle had occurred. As this Court wrote in Mayzone v. State, 88 Tex. Cr.R. 98, 225 S.W. 55, in discussing this very same contention, "If there was resistance on the part of McReynolds (the complaining witness) when the money was

taken in the struggle or scuffle, then appellant would be entitled to an acquittal, because the allegation in the indictment that the money was taken so suddenly as not to allow time for resistance was not sustained."

The evidence in this case shows that resistance was offered. Therefore, we hold that the evidence does not support the offense as charged in the indictment. A different question would be presented had the indictment charged robbery by assault. See Adams v. State, 172 Tex.Cr.R. 130, 354 S.W.2d 147, and Jemmerson v. State, Tex. Cr.R., 482 S.W.2d 201.

In compliance with the provisions of Article 1438, supra, and the previous holdings of this Court, the judgment is reversed and the cause is remanded.