Larry CHAPPELL, Appellant,

v.

The STATE of Texas, Appellee.

Felix HORNSBY, Appellant,

v.

The STATE of Texas, Appellee.

Larry TWINE, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 48820–48822.

Court of Criminal Appeals of Texas.

Feb. 5, 1975.

Rehearing Denied March 15, 1975.

Jerry L. Jamieson and Mike Beard, Waco, for Chappell.

Paxton King Littlepage, Mart and M. Frank Beard, Court Appointed, Waco, for Hornsby.

Dan E. Mayfield, Jr., Court Appointed, Waco, for Twine.

Martin D. Eichelberger, Dist. Atty., Dick Kettler, Ken Crow, Joe Guyton and Frank M. Fitzpatrick, Jr., Asst. Dist. Attys., Waco, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ON APPELLANTS' MOTION TO REINSTATE THE APPEAL

ROBERTS, Judge.

The appellants were convicted of the offense of murder with malice, and were given the death penalty. Sentence was later commuted to imprisonment for life.

This appeal was originally dismissed because the record did not reflect proper notice of appeal. Such a showing now having been made, we will discuss the merits of the appeal.

Counsel for each appellant has filed a separate brief. Appellant Chappell's brief consists of one-hundred and eighteen pages raising twenty-three grounds of error. Appellant Twine's original brief consists of eighty-six pages raising thirty-five grounds of error. Appellant Hornsby's original brief consists of one-hundred and one pages in which twenty-two grounds of error are raised.[1] Although a number of the contentions overlap, there has apparently been no effort on the part of counsel for the appellants to combine and simplify the briefs when grounds of error common to all appellants occur. In this regard, we commend to counsels' attention our deci-

---

1. Both appellants Twine and Hornsby have submitted supplemental briefs. Twine has urged six new grounds of error in ten pages and Hornsby four in ten pages. With the inclusion of these grounds of error, appellants have made a total of ninety complaints in three-hundred and twenty-five pages of argument.

sion in Phillips v. State, 511 S.W.2d 22 (Tex.Cr.App.1974).

Although there are ninety total grounds of error presented between the three appellants, sixty-four are common to all three. We will deal with these similar contentions first, incorporating each into the discussion of appellant Chappell's complaint and then dispose of the remaining contentions individually.

Appellant Chappell's first eleven grounds of error relate to the voir dire examination, during which the court refused to discharge certain veniremen for cause. The eleven contentions are argued together in conjunction with appellant's twelfth ground of error which relates to the change of venue. Appellants Hornsby and Twine have, likewise, argued their respective grounds of error concerning the change of venue and the discharge of veniremen for cause together. Since these grounds are common to each appellant, they will be disposed of in one discussion.

Preceding the argument of each appellant, there is a voluminous summarization of the voir dire examination of each of the one-hundred and forty-four veniremen. There has been no attempt to segregate the statements of contested and uncontested veniremen, or to limit argument to those jurors selected after appellants had exhausted their peremptory challenges. No distinction is made, in the body of the arguments, between the various contentions being urged, and no reference is made to specific portions of the testimony wherein certain statements alleged to have been made by the veniremen are shown. Reference is made to the aforementioned summaries; however, that reference is by number only (i. e., venireman number eight). The argument contains a number of statements by veniremen against whom no complaint is made, which are apparently offered to support the contention regarding change of venue.

In sum, the contentions presented are multifarious and are not presented in such a way that these contentions can be determined and understood. This presentation does not comply with requirements of Article 40.09, Sec. 9, Vernon's Ann.C. C.P., and the cases construing that rule. Nothing is presented for review.

However, it appears from the record and jumble of evidence outlined in the briefs that the evidence presented on the question of change of venue was conflicting. We have held that in such circumstances it is generally not an abuse of discretion for the court to deny the change of venue. Lewis v. State, 505 S.W.2d 603 (Tex.Cr.App.1974); Creel v. State, 493 S. W.2d 814 (Tex.Cr.App.1973); and Flores v. State, 493 S.W.2d 785 (Tex.Cr.App. 1973). As to the contentions regarding the voir dire examination, a close perusal reveals that the majority relate to the court's failure to discharge certain veniremen for cause, thereby causing appellants to use peremptory challenges in order to remove them from the panel. Appellants recognize that it is a well-settled rule in our criminal practice that one may not complain of the court's failure to discharge an objectionable juror for cause unless he is forced to accept an objectionable juror as a result. See Tezeno v. State, 484 S.W.2d 374 (Tex.Cr.App.1972). Despite the exhortations of appellants' briefs, we are not inclined to alter this salutary rule.

Twine contends he was forced to accept two objectionable jurors. His argument in his brief, however, is directed to the acceptability of only one of these. It appears that the juror suffered from a hearing defect in one ear. However, the record also reflects that his hearing in his unaffected ear was excellent and that he heard and understood all the questions directed to him by the parties. We can only conclude that his hearing was not so impaired as to render him unfit for jury service. Art. 35.16(a)(5), V.A.C.C.P.

Appellants Chappell's and Hornsby's first through twelfth grounds of error and

appellant Twine's first through sixteenth grounds of error are overruled.

Appellant Chappell's fifteenth contention urges that the court erred in refusing to grant his request for severance. Article 36.09, V.A.C.C.P., provides that severance shall be granted if, via timely motion with evidence, it is made known to the court that one defendant has a prior admissible conviction or that a joint trial would be prejudicial to any defendant.

■ Appellant did file his motion in a timely manner and alleged therein that one of his co-defendants (Larry Twine) had a final conviction against him, in that he had plead guilty to the offense of armed robbery. However, appellant makes no reference to any portion of the record containing evidence presented on the issue of his co-defendant's conviction. Article 36.09, supra, expressly requires that evidence be introduced in order to support a motion for severance. In the absence of such an offer of proof, denial of severance is not an abuse of discretion. See Thornton v. State, 451 S.W.2d 898 (Tex.Cr.App.1970); Bolding v. State, 493 S.W.2d 186 (Tex.Cr. App.1973); and Jackson v. State, 504 S. W.2d 488 (Tex.Cr.App.1974). It further appears that the conviction in question was not, in fact, final. Twine appealed his conviction and it was not affirmed until February 9, 1972 (Twine v. State, Tex.Cr. App., 475 S.W.2d 774), long after the trial involved here.

In appellant Hornsby's thirteenth ground of error, it is, likewise, urged that the trial court erred in denying appellant's motion for severance. Although this ground of error is multifarious and not in compliance with Art. 40.09, V.A.C.C.P., we have considered it in the interest of justice and find it without merit.

■ It is appellant Hornsby's first contention under this ground of error that being tried jointly with the co-defendants maximized the security precautions taken at trial. He maintains that such extreme security measures prejudiced him and that it created a "frightening" atmosphere suggestive of dangerous and desperate men being on trial. It is appellant's position that security precautions could have been held to a minimum if each defendant had been tried separately. This would have lessened the impact which is claimed to have been so prejudicial.

The record reflects that there was a total of thirty-two law enforcement officers stationed around and through the courthouse. There were thirteen officers stationed within the courtroom itself, of which three were uninformed officers of the Department of Public Safety and one or two were uniformed sheriff's deputies. The remainder of the officers were in plain clothes. The justification for such precautions was based on the conduct of a previous trial of all three defendants for robbery by firearms in a Waco motel. During that trial, it was proven that appellant Twine assisted by appellant Hornsby, without reason or provocation, shot both the husband and wife who owned and operated the motel. In the trial of that cause, it became necessary to call for additional police supervision in order to prevent additional intimidation of the jury and witnesses. Several of the jurors in the previous trial had requested police protection. Both the previous and present trials were racially inflamed. The court stated it had reason to believe that a confrontation was being provoked in order to effectuate the defendants' removal from custody. It should be noted that the appellants were on trial for the violent crime of murder while attempting to escape from jail. Also, after the trial was in progress, the security precautions were substantially relaxed by reducing the number of uniformed officers in the courtroom. We find the measures taken in this case to be justified and well within reason under the present circumstances and, consequently, there was no abuse of discretion in denying severance on this ground.

■■ Appellant Hornsby's second basis of complaint for the failure to sever the cases is that the other defendants had a previous admissible conviction. As we mentioned before, the convictions complained of in the instant case were not final. Furthermore, they were offered to show the appellants were in lawful custody when they attempted to escape from jail.

The record reflects that each of the three co-defendants was convicted of the same crime. Art. 36.09, supra, contemplates a situation where one defendant has no prior admissible conviction and a co-defendant does. If all defendants have prior admissible convictions, severance must rest solely on the fact that a joint trial would be prejudicial because of the nature of the prior conviction against one defendant or the large number of such convictions admissible against one defendant as compared to those admissible against another. This ground for severance is addressed to the sound discretion of the trial judge. Robinson v. State, 449 S.W.2d 239 (Tex.Cr.App. 1969). We fail to perceive how appellant Hornsby was prejudiced by the admission of the previous convictions when he and his co-defendants were all convicted of the same crime arising from a common transaction. There was no abuse of discretion under these circumstances.

■ Finally, Hornsby maintains it was an abuse of discretion not to grant severance because appellant Chappell pleaded "guilty" to the second count of the indictment. This is supported by the record, but it also reflects that the judge *received* a plea of "not guilty." Shortly afterward, the misunderstanding was resolved and the appellant Chappell formerly corrected his plea to "not guilty." The jury was properly admonished not to consider the mistaken plea of "guilty." This in no way prejudiced appellant Hornsby because the true plea was "not guilty" and the trial court did not abuse his discretion in not granting severance.

The eighteenth complaint of Twine relates to the court's denial of his motion for severance and, as such, it is disposed by the above discussion.

■ The next complaint is that the court gave an oral instruction to the jury in violation of Art. 36.14, V.A.C.C.P. The statement, which was made after the court read to the jury the charge relating to appellant Chappell and before the charge for Hornsby was read, was as follows:

"There is going to be a considerable amount of repetition in the reading of the charges because in all respects they are identical."

No objection was voiced by any of the appellants to the court's remark. The failure to object waives the error, if any. See Gaines v. State, 479 S.W.2d 678 (Tex.Cr. App.1972) and Easley v. State, 478 S.W.2d 539 (Tex.Cr.App.1972). Appellant Chappell's ground of error number sixteen, appellant Hornsby's ground of error number eighteen, and appellant Twine's ground of error number thirty-two are overruled.

Chappell's twenty-first contention, which is also ground of error number nineteen for Hornsby and thirty-three for Twine, urges that the court erred in failing to grant a mistrial in response to certain arguments made by the prosecuting attorney at the guilt-innocence stage of the trial. The argument in question stated:

". . . How many times has he (referring to the State's witness Showers) stole and not gotten caught? How many times? That applies to some other people in this courtroom, Ladies and Gentlemen. That applies to some other people in this courtroom. You better know that is a fact."

At this point, counsel for Twine objected that the argument was outside the record and demanded a mistrial. The court never ruled on the objection, but *sua sponte* instructed the jury to disregard the argu-

ment. Both Chappell and Hornsby "adopted" the objection and motion for mistrial. The motion was denied.

■ We note initially that appellants never secured a ruling on their objection and did not request an instruction to disregard, although the court did give the instruction. However, it appears from the record that the argument by State's counsel was a proper response to and invited by certain argument by the counsel for Chappell. That argument stated:

> "And then they brought in the king of them all, Mr. Guy Hugh Showers, just a mere babe in arms and put him on that witness stand and expected you all to believe what he would say. He got up there and testified that he had been convicted five times, has been in the penitentiary five times, well, he's either the worse (sic) thief there ever was or he's committed two or three hundred crimes and you know good and well he hasn't gotten caught every time, he's gotten caught five times, how many people has he stolen from? . . ."

The contentions are without merit.

■ Chappell's twenty-second contention complains of argument by the prosecuting attorney during the punishment phase of the trial. There was never any objection to the argument. Nothing is presented for review. See Cole v. State, 484 S.W.2d 779 (Tex.Cr.App.1972) and Thomas v. State, 477 S.W.2d 881 (Tex.Cr. App.1972). This is also dispositive of Hornsby's twentieth and Twine's thirty-fourth grounds of error.

Appellants next contend (Chappell— number twenty-three, Hornsby—number twenty-two, Twine—number twenty through twenty-three) that the court erroneously failed to charge the jury that one of the State's witnesses was an accomplice, either as a matter of law or as a fact issue.

The State called two prisoners who were in the jail at the time this offense oc-

curred. One of those witnesses, Harold Furlow, was indicted with the appellants, and the court properly charged that he was an accomplice witness as a matter of law whose testimony must be corroborated. Appellants' complaint centers on the other witness, Guy Hugh Showers. The testimony regarding Showers' "participation" in the transaction shows, at the most, that, although he may have been aware of the proposed escape, he did not inform his jailer that it was to occur. The only sources raising the matter of his complicity in the offense are the questions of appellants' attorneys. Showers repeatedly denied participation in the scheme, and there was no evidence showing any affirmative act on his part to assist it.

■ A witness must be criminally connected with an offense before a charge of accomplice testimony is required. See Hunt v. State, 492 S.W.2d 540 (Tex.Cr. App.1973) and cases there cited. We have held that mere non-disclosure of an offense is not sufficient to render one an accomplice to it. See Dillard v. State, 479 S.W.2d 304 (Tex.Cr.App.1972). A different question may be presented when there has been some overt act to prevent the disclosure of the crime. See the concurring opinion in Dillard v. State, supra. However, we are not presented with such a situation here. The evidence simply was insufficient to raise a factual question regarding the complicity of the witness Showers.

Appellants Chappell's and Twine's seventeenth contention urges that error occurred when they were not served at least two days in advance with a copy of the list of persons summoned as veniremen for the week in which their case was set for trial. Such service is required, in capital cases, by Art. 34.04, V.A.C.C.P.

It appears that this case was set for trial on May 24, 1971. Three days prior to that date, a copy of the list of veniremen was served on each of the appellants in this case. Thereafter, the case proceeded to

trial at the appointed date. During the voir dire examination, approximately twenty prospective jurors accidentally encountered the handcuffed appellants being brought into the courtroom. Although it was not established which, if any, of the veniremen actually saw the appellants in handcuffs, the court prudently required that all those veniremen who might have seen the appellants be discharged. On May 28, 1971, the court clerk was ordered to draw up a new list of veniremen to appear on June 4, 1971. Although a copy of the second list was then delivered to each of the attorneys for the appellants, copies were not delivered to the appellants themselves.

■ Putting aside the question of whether the Governor's order commuting the sentences in this case renders this contention moot, we have held that Art. 34.04, supra, does not require personal service of the list upon an accused, and that sufficient compliance is evinced by delivery to the accused's counsel in sufficient time to prepare for trial. See Brown v. State, 496 S.W.2d 640 (Tex.Cr.App.1973). Such a timely delivery appears to have been made in this case. There was no error.

Appellant Chappell's grounds of error nineteen and twenty and Hornsby's twenty-first are multifarious and not presented in compliance with Art. 40.09, supra. Nevertheless, because they are understandable, they will be considered. Appellants apparently contend that the court improperly submitted a charge on the issue of "independent impulse." It appears that the court instructed the jury that if the killing was done on the independent impulse of either Twine or Hornsby, they should acquit appellant Chappell. Charging the jury as to Hornsby, the court instructed them to acquit if the killing was an independent impulse of Twine or Chappell. As to Twine, the issue was phrased in terms of the impulse of Chappell or Hornsby.

Each appellant does not appear to complain of the charge of independent impulse

given to him, but directs his attack on the other two charges because they advert to the possibility that the killing may have been done by him rather than by Twine.

■ The trial court, following the better practice, prepared a separate charge for each of the co-defendants. See Smith v. State, 450 S.W.2d 92 (Tex.Cr.App.1970). Although appellant vigorously attacks the inclusion of his name in the charges relating to the other defendants, he does not explain how he was harmed by the matter. The charge clearly authorized the jury to acquit the appellant if they had a reasonable doubt as to certain matters. The instructions were not so combined as to make the guilt of one accused depend on that of the others, nor did they imply that the conviction of all the parties could be had upon the proof of the guilt of one. See Smith v. State, supra, and cases cited therein. We perceive no injury to the appellants.

■ Appellants Hornsby and Twine have filed supplemental briefs in this Court which were not filed in the trial court. Between the two briefs, appellants have raised ten contentions not contained in their original briefs. These new grounds of error are not properly before this Court for review. Art. 40.09, Sec. 9, V.A.C.C.P.; e.g., Salinas v. State, 507 S.W.2d 730 (Tex.Cr.App.1974); Smith v. State, 502 S.W.2d 133 (Tex.Cr.App.1973); Henriksen v. State, 500 S.W.2d 491 (Tex.Cr.App. 1973); Jones v. State, 478 S.W.2d 937 (Tex.Cr.App.1972); Johnson v. State, 478 S.W.2d 442 (Tex.Cr.App.1972). The Court will only review those questions which "should be reviewed in the interest of justice." Art. 40.09, Sec. 13, V.A.C.C.P. The record has been considered and these grounds do not raise fundamental error.

Having disposed of all the common grounds of error to the three appellants, we will now discuss the grounds raised individually by each appellant.

■ Chappell's thirteenth contention urges that the court required him to testify

against himself on the second count of the indictment (charging an attempted escape). It appears that the appellant did not correctly understand the court when he was asked to plead to the indictment. The court was later made aware of this and allowed the appellant to change his plea from "guilty" to "not guilty," as discussed previously. Appellant's complaint apparently arose during the conversation surrounding this process. The complaint is, at best, moot. The second count of the indictment was not submitted to the jury.

■ Appellant Chappell's fourteenth contention urges that the court improperly failed to limit the admissibility of certain declarations made by appellant's co-defendants. We have examined the testimony in question, and it appears that appellant made no hearsay objection to the testimony until long after it had been admitted. In order to preserve error, a proper objection must be made in a timely manner. See Sierra v. State, 482 S.W.2d 259 (Tex.Cr. App.1972); Webb v. State, 480 S.W.2d 398 (Tex.Cr.App.1972); and Crestfield v. State, 471 S.W.2d 50 (Tex.Cr.App.1971).

Chappell's remaining contention (number eighteen) urges that the court's charge at the guilt-innocence stage did not properly limit the jury's consideration of evidence relating to the second count of the indictment, which count was not submitted to them.

The complaint appears to relate to evidence that the appellants were convicted of the offense of armed robbery. At the time the evidence was admitted, the court instructed the jury that they could consider it only as it related to the second count of the indictment, which charged an attempted escape from jail. The second count was not submitted to the jury, and, in withdrawing it, the court charged the jury as follows:

"The case is presented to you only upon the first count in the indictment, which count is murder with malice aforethought, and the second count which is

attempted jail escape with use of firearms, is withdrawn from your consideration, and you will not consider it for any purpose during any of your deliberations in this cause."

■ Appellant complains that this charge did not clearly instruct the jury to disregard the evidence of extraneous offenses admitted in connection with the second count of the indictment. When admitted, the evidence was strictly limited to the second count of the indictment. The second count was thereafter withdrawn from the jury's consideration, and they were told not to consider it for any purpose. In light of the combined force of these two instructions, we can only conclude that the evidence regarding the armed robbery conviction was effectively withdrawn from the jury.

■ In his fourteenth ground of error, appellant Hornsby complains of the admission of a warrant for his arrest from Falls County as being an extraneous offense. The fifteenth and sixteenth grounds of error complain of two indictments against appellant Hornsby for armed robbery being admitted over objection as extraneous offenses. These three grounds of error are similar and will be disposed of in a single discussion. The extraneous offenses were admitted as to the second count charging attempted escape from lawful custody. It is well-established that such extraneous crimes are admissible to show the motive which prompted the commission of the attempted escape. As in Beard v. State, 146 Tex.Cr.R. 96, 171 S.W.2d 869 (1943), appellant was charged with murder in an escape effort. Proof of extraneous crimes which shows why appellant was in lawful custody and the length of sentence he was to serve or future prosecutions he would face are directly related to a motive to escape. E.g., Cherry v. State, 488 S.W.2d 744 (Tex.Cr.App.1972); Summers v. State, 464 S.W.2d 126 (Tex.Cr.App.1971). Appellant's grounds of error are without merit. These collateral offenses were admissi-

ble to show that appellant was in lawful custody before the escape attempt and are probative of his motive to escape. Cf. Elisor v. State, 162 Tex.Cr.R. 117, 282 S.W. 2d 393 (1955); Hicks v. State, 389 S.W.2d 950 (Tex.Cr.App.1965). Appellant's fourteenth, fifteenth, and sixteenth grounds of error are overruled.

▮▮▮ In the seventeenth ground of error, complaint is made of the State's failure to elect which count of the indictment they would go to the jury with before admitting the aforementioned extraneous offenses. In Hughes v. State, 455 S. W.2d 303 (Tex.Cr.App.1970) it was held that the State's election at the time it rested at the guilt-innocence stage of the trial was not error. The State is not required to elect at an earlier time. The extraneous offenses in question were later withdrawn and the jury was instructed not to consider them. This was not error.

Appellant Twine's nineteenth ground of error urges that the court erred in refusing to allow him to stipulate that he was legally confined in McLennan County jail at the time of this offense. He relies on Pitcock v. State, 367 S.W.2d 864 (Tex.Cr. App.1963), wherein it was observed that if an accused agrees to stipulate evidence of his prior convictions on the issue of enhancement, the State should not be allowed to adduce evidence on that point. Pitcock v. State impliedly overruled a number of other decisions by this Court. See the cases cited in Thompson v. State, 170 Tex.Cr. R. 258, 339 S.W.2d 209 (1960) and Wright v. State, 364 S.W.2d 384 (Tex.Cr.App. 1963). We need not determine the present validity of Pitcock v. State, supra, at this point, for it clearly does not control this case. The reasoning of Pitcock v. State, supra, is that for enhancement purposes the jury has no choice in imposing punishment if it finds the accused guilty, and finds that he has been previously convicted. If the accused stipulates to prior convictions, that issue is foreclosed and only the question of his guilt remains. No issue would be resolved by admitting evidence of the prior conviction.

▮▮ Here, the evidence was admissible not only to establish the legality of the accused's confinement, but also to establish motive, intent and malice. See our previous discussion of Beard v. State, supra. Beard v. State announces the rule that the State cannot be controlled by the admissions of the accused on any matter relevant in law to a conviction for the offense charge. By the device of stipulation, an accused may not deprive the State of the duty and function of presenting to the jury all evidence relevant to an offense, nor may he thereby avoid facing the full facts of the crime. See Harrison v. State, 501 S.W. 2d 668 (Tex.Cr.App.1973) and cases cited therein.

▮▮ Appellant Twine next advances seven grounds of error which are argued together. The contentions are multifarious and are not presented in such a manner that they can be determined and understood clearly. The most that can be discerned is that appellant urges that there was insufficient evidence to support the jury's verdict of murder with malice aforethought because it was based on circumstantial evidence. However, the record reflects that there was direct evidence to support the jury's findings. The witness Harold Furlow testified that he heard two shots and when he went back to the area of the escape he saw the defendant Twine holding a pistol about eight inches from the deceased. He then testified that he heard Twine say, "Man, I've killed Mayo." Furthermore, this direct evidence was corroborated by another witness, Billy Barnes. We find the evidence sufficient to support the jury's findings. Likewise, the contention regarding the court's failure to charge on circumstantial evidence is without merit for the reason that there was direct evidence that the actual killing was done by appellant Twine. Such a charge was not required under these facts.

▮▮ Appellant Twine's ground of error number thirty-one complains in broad general terms of three separate paragraphs of the court's charge. This contention too is

multifarious. We note additionally that appellant filed one-hundred and fourteen objections in twenty-three pages to the court's charge. He does not, however, deign to point out his specific objections to that portion of the charge of which complaint is now made. We are not inclined to search out his objections in this voluminous record. Nothing is presented for review.

Twine's last contention (number thirty-five) urges that the court erred in placing him last in line to examine the veniremen during the voir dire. Although appellant vigorously urges that he was injured by the fact that appellants Hornsby and Chappell were allowed to examine the veniremen before he was, he did not explain to us *how* he was injured, and we perceive no injury arising from the situation. As the State observes, in a joint trial of three defendants, someone has to be last. Without a showing of harm, appellant's last contention is entirely without merit.

The judgment against each of the appellants is affirmed.