NUMBER 13-98-657-CR

 

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI

 ___________________________________________________________________ 



JIMMIE LEE JOHNSON , Appellant, 



v.

 

THE STATE OF TEXAS , Appellee. 

___________________________________________________________________ 



On appeal from the 2nd 25th District Court

 of Gonzales County, Texas.

 ___________________________________________________________________ 



O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and Yañez 

Opinion by Justice Dorsey



 A jury found appellant Jimmie Johnson guilty of capital murder and the court assessed punishment at life in prison. By
three points of error he asserts that the trial court abused its discretion by (1) allowing the State to present witness
testimony in violation of Texas Rule of Evidence 613,(1) (2) admitting Johnson's blood samples without the State proving
an unbroken chain of custody, and (3) granting a cumulation order without proof of Johnson's identity. We affirm. 

 Texas Rule of Evidence 613 states that when invoked, witnesses are excluded from hearing the testimony of other
witnesses. Appellant invoked Rule 613, but the trial court allowed State's attorney to call an expert witness that was present
during defense testimony. Appellate review of a trial court's decision under Rule 613 is by an abuse of discretion standard
of review. Guerra v. State, 771 S.W.2d 453, 475-76 (Tex. Crim. App. 1988). We will overturn the trial court's decision
only if it clearly abused this discretion and the error was so harmful that it impaired a substantial right of appellant. See
Tex. R. App. P. 44.2. 

 The purpose behind Rule 613 is to "prevent the testimony of one witness from influencing the testimony of another." 
Martinez v. State, 867 S.W.2d 30, 40 (Tex. Crim. App. 1987). Here, appellant complained that the State's expert on
toxicology was present during the testimony of other witnesses in violation of the rule. However, the testimony presented
by that expert witness consisted only of the results of scientific tests conducted on the victim's clothing long before the trial
began. There is no possibility that those results could have been influenced by other testimony. Therefore no harm resulted
to appellant from this error and the first point of error is overruled. 

 Next, appellant contends that the trial court erred in admitting the results of DNA testing into evidence because of a faulty
chain of custody. State's exhibits 21, 28, 29, and 33 were samples of blood and body fluids taken from the victim and
appellant. This evidence established that appellant had intercourse with the victim prior to her death. The admission of
evidence is a matter within the discretion of the trial court and is reviewed under an abuse of discretion standard. See
Montgomery v. State, 810 S.W.2d 372, 378 (Tex. Crim. App. 1990). 

 Texas Rule of Evidence 901 governs authentication of evidence. See Tex. R. Evid. 901. Rule 901 requires a party who
offers an item into evidence to establish to the trial judge's satisfaction that the item is what the party represents it to be. 
See id. When scientific test results are to be admitted, a proper chain of custody must be established. See Smith v. State,
450 S.W.2d 92, 94 (Tex. Crim. App. 1970); Garner v. State, 848 S.W.2d 799, 803 (Tex. App.--Corpus Christi 1993, no
writ). Therefore these exhibits required a chain of custody. 

 However, we do not need to decide if a chain of custody was proven because appellant admitted the facts sought to be
proven by the objected to evidence, namely having intercourse with the victim prior to her death. "[I]f a defendant in
testifying admits or confirms the truth of the facts or evidence objected to. . . a waiver of the objection does occur." 
Thomas v. State, 572 S.W.2d 507, 513 (Tex. Crim. App. 1976). In this context, appellant's testimony cured the error, if any,
made in admitting the DNA evidence. We overrule the second point of error. 

 In his third point of error, appellant argues that the cumulation order of the trial court is void because the State did not
offer sufficient proof that the appellant was the same person that was convicted in the other crime. Article 42.08 of the
Texas Code of Criminal Procedure authorizes the trial court to order sentences to be served consecutively, that is, one to
begin when the other ends, or concurrently, that is, together. Tex. Code Crim. Proc. Ann. art. 42.08(a) (Vernon Supp.
1997). There is no right to a concurrent sentence; whether punishment will run concurrently or cumulatively is within the
discretion of the trial judge. Carney v. State, 573 S.W.2d 24, 27 (Tex. Crim. App. 1978). We review cumulation sentences
with an abuse of discretion standard. 

 A cumulation order, which refers only to the prior cause number, is sufficient if the order is entered in the same court as
the sentence to which it is made cumulative. Williams v. State, 675 S.W.2d 754, 764 (Tex. Crim. App. 1984)(opinion on
rehearing). In the present case, the appellant was identified by name and cause number in regards to the prior conviction. 
This is sufficient for a valid cumulation order provided the court is the same that issued the prior conviction. The trial
court must be the same because that will allow it to take judicial notice of the prior conviction. See Bridges v. State, 468
S.W.2d 451, 452 (Tex. Crim. App. 1971). 

 A court may take judicial notice of adjudicative facts that are not subject to reasonable dispute in that it is either (1)
generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by
resort to sources whose accuracy cannot be reasonably questioned. Tex. R. Evid. 201(b). A court may take judicial notice,
whether requested or not. Id. at 201(c). However, one trial court generally lacks the power to take judicial notice of the
records or documents that might be on file in another trial court. See Turner v. State, 733 S.W.2d 218, 222 (Tex. Crim.
App. 1987). 

 The prior conviction is from the 25th Judicial District of Gonzales County. The current case was decided in the 2nd 25th
Judicial District of Gonzales County. Both judicial districts reside in the same courthouse and share the same records. 
Because these records are readily available to both courts and their accuracy can not be reasonably questioned, the trial
court will be allowed to take judicial notice of the prior conviction. This situation fits squarely within the confines of
Texas Rule of Evidence 201(b). Therefore, we hold the trial court properly exercised its discretion under article 42.08 to
cumulate the sentences and it will not be overruled. 

 The judgment of the trial court is AFFIRMED. 





J. BONNER DORSEY, 

Justice 



Do not publish . 

Tex. R. App. P. 47.3(b). 



Opinion delivered and filed 

this 29th day of June, 2000. 

1. New Rule 614 consolidates former Civil Rule 614 and Criminal Rule 613. It effects no substantive change and will be
referred to as Rule 613 throughout this opinion.