Charles Vernon JACKSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 47057.

Court of Criminal Appeals of Texas.

Jan. 23, 1974.

David L. Loving, III, Dallas (On appeal only), for appellant.

Henry Wade, Dist. Atty., Jerome L. Croston, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for robbery; the punishment, fifty years' imprisonment.

■ The appellant first asserts that the trial court erred in overruling his motion for severance and in forcing him into a joint trial with James L. Morgan. The motion for severance filed on the day of trial alleged that Morgan, a co-defendant, had previously been convicted and assessed a death penalty for murder.[1] No evidence was offered to prove that Morgan had been finally convicted for any offense which would have been admissible against him, but only the argument of trial counsel was offered in support of the motion. Neither did the appellant show that he himself was free of convictions. This Court has held that before a motion for severance is granted as a matter of right the accused must show that a co-defendant has an admissible prior conviction while he, the accused (movant) does not. Holbert v. State, 457 S.W.2d 286 (Tex.Cr.App. 1970); Robinson v. State, 449 S.W.2d 239 (Tex.Cr.App.1969). During the trial the State did not attempt to introduce evidence of Morgan's alleged conviction. See Rivello v. State, 476 S.W.2d 299 (Tex.Cr.App. 1971).[2] Further, we find no abuse of discretion in the overruling of the motion for severance.

■ Appellant's first ground of error is without merit and is overruled.

The appellant's second ground of error alleges:

"Appellant was denied due process of law in that evidence favorable to his Motion for Severance was withheld by the prosecution, causing appellant to be tried jointly with co-defendant Morgan, and not separately as he would have been tried had such evidence been disclosed."

At the punishment phase of the trial under the provisions of Article 37.07, V.A.C.C.P., to assist the jury in assessing Morgan's punishment, the State introduced evidence of Morgan's prior conviction in Dallas County on December 15, 1970, for a misdemeanor offense not involving moral turpitude. This record of conviction was a public record equally accessible to the appellant and the State. As noted above the appellant did not show that he had no

1. Article 36.09, Vernon's Ann.C.C.P. provides:
"Two or more defendants who are jointly or separately indicted or complained against for the same offense or any offense growing out of the same transaction may be, in the discretion of the court, tried jointly or separately as to one or more defendants; provided that in any event either defendant may testify for the other or on behalf of the state; and provided further, that in cases in which, upon timely motion to sever, and evidence introduced thereon, it is made known to the court that there is a previous admissible conviction against one defendant or that a joint trial would be prejudicial to any defendant, the court shall order a severance as to the defendant whose joint trial would prejudice the other defendant or defendants."

2. The appellant himself testified that Morgan had killed a man and the records of this Court show that an appeal from a death penalty murder conviction was pending and has now been dismissed in which one James Leautry Morgan was the appellant. This case was on appeal at the time the trial court ruled on the motion to sever and it was not a final conviction.

**490**

prior convictions. Under these circumstances, assuming that pre-trial discovery motions granted by the trial court would have required the State to advise the appellant of Morgan's prior conviction, we fail to find its non-disclosure to be a violation of due process as alleged.[3]

The appellant's last contention is that the trial court erred in refusing appellant's request for a charge on the law of duress. The appellant testified at the trial that he knew Morgan had killed a man and that Morgan had threatened the welfare of appellant's family if the appellant did not help him commit this robbery. Appellant testified that he was not personally afraid of Morgan but feared only for his family. So far as the record shows, no member of the appellant's family was present when the alleged threats were made or when the robbery was committed.

■ Article 38, Vernon's Ann.P.C., in effect at the time of the offense, reads as follows:

"A person forced by threats or actual violence to do an act is not liable to punishment for the same. Such threats, however, must be—

1. Loss of life or personal injury.

2. Such as are calculated to intimidate a person of ordinary firmness.

3. The act must be done when the person threatening is actually present.

The violence must be such actual force as restrains the person from escaping, or such ill-treatment as is calculated to render him incapable of resistance."

The wording of the statute does not specifically include threats concerning third parties and we hold that it does not do so by implication.[4]

Appellant's last contention is overruled.

The appellant has filed a pro se brief containing several grounds of error. After consideration, we find these grounds to be without merit.

The judgment is affirmed.

Opinion approved by the Court.

---

3. The appellant filed two pre-trial motions requesting discovery. One of the motions was a request that the State's attorneys list the names, addresses and telephone numbers of any prospective witnesses that they had talked to. This general motion was by the trial judge "granted as to any favorable witnesses." Another pre-trial discovery motion made a number of requests for discovery of evidence. The only one we find which might be applicable here reads:

"Any other physical, tangible objects or reports either now in the custody of the district attorney's office or his agents or available to the district attorney's office or his

agents which the prosecutor reasonably expects in good faith to offer into evidence at the trial."

4. Section 8.05 of the Texas Penal Code 1973, effective January 1, 1974, changes the law concerning duress and specifically includes threats of harm to third parties. It reads as follows:

"(a) It is an affirmative defense to prosecution that the actor engaged in the proscribed conduct because he was compelled to do so by threat of imminent death or serious bodily injury to himself or another."