Lawrence C. THOMAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 50610.

Court of Criminal Appeals of Texas.

Dec. 17, 1975.

Charles J. Hearn and Grady F. Thompson, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, and Andy Tobias, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

In a trial before a jury, appellant was convicted of robbery by firearms. Punishment was assessed at sixty-five years.

The record reflects that on March 22, 1972, a robbery occurred at the South Park National Bank in Houston, in which several men participated. The evidence is undisputed that appellant was one of the robbers and that in the robbery he possessed and exhibited a gun. He was identified by five eyewitnesses, and photographs from cameras in the bank activated by an alarm show clearly his participation. Additionally, his written confession was introduced in evidence. During the robbers' flight from the bank after the robbery, James Garbs, an official of the bank, and T. G. Morris, a police officer, were shot by Robert Payne, one of the robbers. Garbs died from his wound.

In his first ground of error, appellant contends that the court erred in overruling his motion to dismiss the indictment in this cause since he was denied the right to counsel from the date of his arrest on March 24, 1972 until January 11, 1974 when the court first appointed counsel to represent him in this case.

The record reflects that appellant was arrested on March 24, 1972. Eight indictments were returned against him on April 4, 1972, charging, variously, murder, assault with intent to murder, and robbery by firearms, all from the events of the robbery of March 22, 1972. In the murder case appellant was represented by retained counsel. By mutual agreement between retained counsel in the murder case and the State, the trial of that case against appellant was on several occasions in 1972 postponed until after Robert Payne, the "trigger" man charged with the same murder, was tried. After the trial of Payne in February, 1973, appellant's retained counsel in the murder case engaged for several months in negotiations with the State for disposition of the cases against appellant on pleas of guilty. When such negotiations failed, counsel was appointed for appellant in the robbery case on January 11, 1974. A new indictment for this robbery in lieu of the indictment

presented on April 4, 1972, was returned against appellant on March 7, 1974, and the trial on said new indictment began March 28, 1974, with both parties announcing ready.

No claim is advanced that appellant did not have effective legal assistance at the trial or that such counsel was not sufficiently prepared to proceed to trial.

■ In *Ellingsworth v. State*, Tex.Cr. App., 487 S.W.2d 108, at p. 111, we said:

"No claim is advanced that appellant did not have effective legal assistance at the trial, only that counsel was not appointed when appellant first appeared before the Justice of the Peace. Belated appointment of counsel, standing alone, does not require reversal. *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419." [1]

The first ground of error is overruled.

■ In his second ground, appellant contends that he was denied his Sixth Amendment right of a speedy trial.

The guidelines to be considered in determining whether a defendant has been denied his constitutional right of a speedy trial, as set out by the Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101, have been frequently discussed and applied by this Court. See *Archie v. State*, Tex.Cr.App., 511 S.W.2d 942, and authorities there cited. See also *Peak v. State*, Tex.Cr.App., 522 S.W.2d 907; *Varda v. State*, Tex.Cr.App., 518 S.W.2d 826; *Davison v. State*, Tex.Cr.App., 510 S.W.2d 316; *Courtney v. State*, Tex.Cr. App., 472 S.W.2d 151.

In the instant case, the length of the delay under the circumstances heretofore related was not unreasonable. *Archie v. State*, supra; *McCarty v. State*, Tex.Cr.

App., 498 S.W.2d 212; *Courtney v. State*, supra. The reasons for the delay in trying appellant for offenses relating to this robbery have been related in our disposition of his first ground of error. Appellant in his brief makes no showing of any harm or prejudice to him due to the delay in his trial. The strength of the State's case, and the uncontested confession of appellant, precludes any showing that he was prejudiced thereby.

The record reflects no denial of any constitutional right of a speedy trial. The second ground of error is overruled.

■ In his third ground, appellant argues that the court erred in admitting evidence of an extraneous offense, to-wit, the shooting of the bank official Garbs.

Garbs was shot and killed by one of the robbers just in back of the bank building during their flight from the bank. As we stated in *Johnson v. State*, Tex.Cr.App., 510 S.W.2d 944, at p. 948:

"The evidence of the 'shoot out' with the police officers while fleeing the scene of the alleged offense was shown to be res gestae of the offense and admissible as such. It is well settled that '[W]here the offense is one continuous transaction, or another offense is a part of the case on trial or blended or closely interwoven therewith, proof of all the facts is proper.' 4 Branch's Ann.P.C., 2d ed., Sec. 2255, p. 618; *Taylor v. State*, 420 S.W.2d 601, 605 (Tex.Cr.App.1967). See also 23 Tex.Jur.2d, Sec. 196, p. 302. Further in *Cawley v. State*, 166 Tex.Cr.R. 37, 310 S.W.2d 340 (1957), this court held that escape, flight and attempt to escape are always admissible as a circumstance from which an inference of guilt may be drawn. See also *Ysasaga v. State*, 444 S.W.2d 305 (Tex.Cr.App.1969). The fact

---

1. However, courts should be very diligent in the appointment of counsel for indigents in custody charged with crime. As stated by the Supreme Court in *Chambers v. Maroney*, supra:

"Unquestionably, the courts should make every effort to effect early appointment of counsel in all cases. But we are not disposed to develop a *per se* rule requiring reversal of every conviction following tardy appointment of counsel . . . ."

that the circumstances of flight show the commission of another crime does not render the evidence inadmissible. *Thames v. State*, 453 S.W.2d 495, 501 (Tex.Cr.App.1970)."

The evidence of this "extraneous offense" was clearly admissible as res gestae of the robbery. The third ground of error is overruled.

■ In his fourth ground of error appellant complains of the admission during the punishment hearing of evidence of serious criminal accusations that had not resulted in final convictions.

During direct examination at the punishment hearing, appellant answered the following question:

"Q Is there anything else that you can think of that you might tell this jury that would give effect to this request for probation?

"A Yes. There is something I would like to add, that I've never been in any type of trouble like this. And its been a great mental strain on me for these past two years, for the simple reason that I have to live with myself constantly."

On cross-examination the State examined the appellant concerning his prior criminal conduct and asked him if he knew he had been identified as having committed a robbery by assault on August 20, 1971, to which appellant replied in the affirmative.

Appellant, having denied prior criminal conduct similar to that in the instant case, opened the door to questioning and cannot complain of evidence that he invited. *Gilmore v. State*, Tex.Cr.App., 493 S.W.2d 163; *Page v. State*, Tex.Cr.App., 486 S.W.2d 300; *Ochoa v. State*, Tex.Cr.App., 481 S.W.2d 847; *Hamilton v. State*, Tex.Cr.App., 480 S.W.2d 685; *Barnett v. State*, Tex.Cr.App., 445 S.W.2d 205.

■ Additionally, on that same cross-examination, appellant was asked about seven other indictments pending against him arising out of the South Park National Bank robbery on March 22, 1972. Appellant claims prejudicial error in such evidence. There was no objection to the questions concerning the pending indictments. In the absence of an objection, reversible error is not presented *Ex parte Bagley*, Tex.Cr. App., 509 S.W.2d 332; *Deary v. State*, Tex. Cr.App., 510 S.W.2d 956.

Appellant's fourth ground of error is overruled.

■ In his fifth ground, appellant complains of that portion of the court's charge "negating the defense of duress when no evidence was offered by the State controverting that defense." Appellant also contends that the paragraph complained of is a comment on the weight of the evidence.

In a confession placed in evidence by the State, appellant stated that he took part in the robbery because of threats to his life made by Robert Payne if he did not participate. In view of that evidence, the court, in his charge, explained the law of duress to the jury. See Art. 38, V.A.P.C.;[2] *Brown v. State*, 150 Tex.Cr.R. 447, 203 S.W.2d 223; *Harris v. State*, 91 Tex.Cr.R. 446, 241 S.W. 175. Compare *Jackson v. State*, Tex.Cr. App., 504 S.W.2d 488. The court then applied the law to the evidence as follows:

"Now, therefore, if you find and believe from the evidence beyond a reasonable doubt that the defendant did commit the offense of robbery by firearms as alleged in the indictment, but you further find that Payne had threatened to kill the defendant if he did not participate in the robbery, and that his acts and words were calculated to intimidate a person of ordinary firmness and that they did lead defendant to believe that Payne would take his life or do serious bodily injury if he did not participate in the robbery, and that so believing, he did, you will acquit the defendant, or if you have a reasonable doubt on such issue, you will say by your verdict 'not guilty.'

**2.** For the present statute on duress, see V.T.C.A. Penal Code Sec. 8.05.

"If, however, after viewing the facts from the defendant's standpoint at the time, you believe from the evidence beyond a reasonable doubt that the defendant did not have a reasonable expectation or fear of death or of receiving serious bodily injury at the time he committed the robbery, if he did, you will find against him on his plea of duress."

█ Appellant's complaint is addressed to the second paragraph quoted above. He argues that it is on the weight of the evidence since the State did not controvert his defense of duress. We find the evidence of appellant's actions and conduct during and after the robbery amply sufficient to rebut the statement of appellant in his confession. Appellant's contentions are without merit, and are overruled.

█ In his sixth ground of error, appellant contends that the trial court committed reversible error by failing to include in its charge to the jury a definition of the term "actual presence," thus failing to fully set forth the law of duress.

This contention is without merit as there was no issue of "actual presence" raised in the instant case.

Appellant's sixth ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.