Rodney Rodriguez Singleton v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS.  2-03-271-CR

2-03-272-CR

2-03-273-CR

RODNEY RODRIGUEZ SINGLETON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Rodney Rodriguez Singleton appeals his three convictions for aggravated robbery with a deadly weapon.  We will affirm.

Singleton’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel's brief and motion meet the requirements of 
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.
(footnote: 2)  Singleton has also filed a pro se brief, in which he complains that the evidence is legally and factually insufficient, the evidence adduced at trial did not corroborate his confession, the trial court failed to give proper jury instructions, he was denied effective assistance of counsel, and he was denied the right to a speedy trial. Once appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, we are obligated to undertake an independent examination of the record and to essentially rebrief the case for appellant to see if there is any arguable ground that may be raised on his behalf.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  Because Singleton entered an open plea of guilty, our independent review for potential error is limited to potential jurisdictional defects, the voluntariness of his plea, error that is not independent of the judgment of guilt, and error occurring after entry of the guilty plea.  
See Monreal v. State
, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003) (citing 
Young v. State
, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000)); 
Jack v. State
, 871 S.W.2d 741, 743-44 (Tex. Crim. App. 1994).  Our independent review of the record reveals that counsel has correctly determined that there are no arguable grounds for relief. 

There are no jurisdictional errors.  The indictments conferred jurisdiction on the trial court and provided Singleton with sufficient notice to prepare a defense.  
See
 Tex. Const. 
art. V, § 12; 
Tex. Code Crim. Proc. Ann. 
art. 4.05 (Vernon Supp.
 2004); 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).

The record reflects that Singleton knowingly and voluntarily entered his plea.  After being admonished by his attorneys and the trial court regarding the consequences of his plea, Singleton insisted on pleading guilty to the jury and admitted his guilt in open court.  Nothing in the record would support a claim that Singleton's plea was involuntary. 

There are no 
Young
-type errors upon which the judgment of guilt is predicated.  
See Young
, 8 S.W.3d at 666-67.  Although Singleton raises legal and factual insufficiency and alleges that the evidence adduced at trial was insufficient and did not corroborate his confession, his plea of guilty before the jury admitted the existence of all necessary elements to establish guilt.  
See Ex parte Martin
, 747 S.W.2d 789, 792 (Tex. Crim. App. 1988) (op. on reh’g) (stating that in felony cases, where defendant pleads guilty to the jury, there is no question of sufficiency of evidence on appeal).  Because Singleton’s plea was knowingly and voluntarily made and because the evidence did not reasonably and fairly raise an issue as to Singleton’s innocence where he confessed to the offenses, Singleton’s complaint that the trial court failed to give a proper jury instruction (i.e., the court’s charge instructed the jury to find Singleton guilty) fails to persuade us.  
See Montgomery v. State
, 99 S.W.3d 257, 263 (Tex. App.—Fort Worth 2003, pet. struck) (holding that trial court did not err in instructing jury to find appellant guilty of offense where evidence did not reasonably and fairly raise issue of appellant’s innocence).  Additionally, because Singleton did not object to the jury charge at trial, he must prove that he was egregiously harmed by the trial court’s failure to include an instruction on innocence; he has not done this.  
See Abnor v. State
, 871 S.W.2d 726, 732 (Tex. Crim. App. 1994) (stating that conviction should not be reversed based upon uncontested charge error absent egregious harm to appellant). 

Moreover, the record does not support Singleton's claims of ineffective assistance of counsel because there is no evidence that trial counsel's performance was deficient.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); 
Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).  In the absence of a proper evidentiary record developed at a hearing on a motion for new trial, it is extremely difficult to show that trial counsel's performance was deficient.  
Gibbs v. State
, 7 S.W.3d 175, 179 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd).  When there is no hearing on a motion for new trial, like here, an affidavit from trial counsel becomes almost vital to the success of a claim of ineffective assistance of counsel.  
Howard v. State
, 894 S.W.2d 104, 107 (Tex. App.—Beaumont 1995, pet. ref'd).  Because a motion for new trial nor an affidavit from trial counsel was filed in this case, Singleton failed to prove that his trial counsels’ performance was deficient.

Furthermore, only one of the four factors of the 
Barker v. Wingo
 balancing test weighs in favor of Singleton’s claim that he was denied his right to a speedy trial
.  407 U.S. 514, 530, 92 S. Ct. 2182, 2192 (1972) (stating that four factors that must be balanced include length of delay, reason for delay, defendant’s assertion of his right, and prejudice to defendant resulting from the delay).  The record clearly shows that the delay of almost three years from the date of the arrest to the trial date weighs in favor of a finding of a violation of Singleton’s speedy trial right.  
See Zamorano v. State
, 84 S.W.3d 643, 649 (Tex. Crim. App. 2002) (holding that delay of two years and ten months was sufficiently lengthy to trigger the court of appeals’ analysis of other 
Barker
 factors).  However, the record is silent as to why the delay occurred; thus, it weighs in neither party’s favor.  
Dragoo v. State
, 96 S.W.3d 308, 314 (Tex. Crim. App. 2003) (holding that in the absence of an assigned reason for delay, court may presume neither deliberate attempt on the part of the State to prejudice the defense nor a valid reason for the delay).  The third factor—defendant’s assertion of his right—weighs in the State’s favor where Singleton first asserted his right to a speedy trial eighteen months after his confinement began.
(footnote: 3)  
See Haney v. State
, 977 S.W.2d 638, 642 (Tex. App.—Fort Worth 1998, pet. ref’d) (holding that appellant's failure to diligently assert his right to a speedy trial, where he filed motion for speedy trial eighteen months after arrest, weighs in favor of the State),
 abrogated on other grounds Howland v. State
, 990 S.W.2d 274 (Tex. Crim. App. 1999).  And, the fourth factor, regarding the prejudice to the defendant resulting from the delay, weighs in the State’s favor where the strength of the State’s case and Singleton’s uncontested confession precluded any showing that Singleton was prejudiced.  
See Thomas v. State
, 530 S.W.2d 834, 836 (Tex. Crim. App. 1975). Consequently, the record does not demonstrate that the trial court denied Singleton his right to a speedy trial.  
See Barker
, 407 U.S. at 534, 92 S. Ct. at 2182 (holding that defendant’s right to speedy trial was not violated where defendant was not seriously prejudiced by five-year delay between arrest and trial and did not want speedy trial); 
Dragoo
, 96 S.W.3d at 316 (holding that delay of three-and-a-half years in bringing case to trial did not violate defendant’s right to speedy trial where defendant failed to demonstrate prejudice and acquiesced in delay for three-and-a-half years); 
Phipps v. State
, 630 S.W.2d 942, 946 (Tex. Crim. App. [Panel Op.] 1982) (holding that defendant’s right to speedy trial was not violated where defendant demonstrated no prejudice by four-year delay between arrest and trial and waited until one month before trial to assert his right to speedy trial).

Finally, the trial court assessed punishment within the statutory range. Aggravated robbery is a first-degree felony with a penalty range of confinement in jail from five to ninety-nine years and up to a $10,000 fine.  
See
 
Tex. Penal Code Ann.
 §§ 12.32, 29.03(b) (Vernon 2003).  Singleton was sentenced to twenty years in jail for each count, to be served concurrently.  There is nothing to suggest that the trial court erred in sentencing Singleton. 

Our independent review of the areas available to Singleton for an appeal leads us to conclude that there are no grounds upon which he could be arguably successful on appeal.  Therefore, we grant appellate counsel's motion to withdraw and affirm the trial court's judgments. 

PER CURIAM

PANEL F: WALKER, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: August 26, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The potential claims raised by Singleton’s appellate counsel include insufficient admonishments to insure a voluntary plea, excessive sentence, and ineffective counsel.  However, counsel concludes that each of the potential claims result in no reversible error and that the appeal is frivolous.

3:
The State also claims that this factor weighs in its favor because after Singleton filed his motions for speedy trial in December 2002, he filed repeated motions for dismissal of the claims against him.  
See Phillips v. State
, 650 S.W.2d 396, 401 (Tex. Crim. App. 1983) (stating that “[a]lthough a motion to dismiss notifies the State and the court of the speedy trial claim, a defendant's motivation in asking for dismissal rather than a prompt trial is clearly relevant, and may sometimes attenuate the strength of his claim”).  However, the appellate record is devoid of any such motions for dismissal.