COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NOS. 2-03-271-CR
2-03-272-CR
2-03-273-CR
  
  
RODNEY 
RODRIGUEZ SINGLETON                                           APPELLANT
     
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
 
        Appellant 
Rodney Rodriguez Singleton appeals his three convictions for aggravated robbery 
with a deadly weapon. We will affirm.
        Singleton’s 
court-appointed appellate counsel has filed a motion to withdraw as counsel and 
a brief in support of that motion. In the brief, counsel avers that, in his 
professional opinion, this appeal is frivolous. Counsel's brief and motion meet 
the requirements of Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 
(1967), by presenting a professional evaluation of the record demonstrating why 
there are no arguable grounds for relief.[2]  
Singleton has also filed a pro se brief, in which he complains that the evidence 
is legally and factually insufficient, the evidence adduced at trial did not 
corroborate his confession, the trial court failed to give proper jury 
instructions, he was denied effective assistance of counsel, and he was denied 
the right to a speedy trial.
        Once 
appellant's court-appointed counsel files a motion to withdraw on the ground 
that the appeal is frivolous and fulfills the requirements of Anders, we 
are obligated to undertake an independent examination of the record and to 
essentially rebrief the case for appellant to see if there is any arguable 
ground that may be raised on his behalf.  See Stafford v. State, 813 
S.W.2d 503, 511 (Tex. Crim. App. 1991).  Because Singleton entered an open 
plea of guilty, our independent review for potential error is limited to 
potential jurisdictional defects, the voluntariness of his plea, error that is 
not independent of the judgment of guilt, and error occurring after entry of the 
guilty plea.  See Monreal v. State, 99 S.W.3d 615, 620 (Tex. Crim. 
App. 2003) (citing Young v. State, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 
2000)); Jack v. State, 871 S.W.2d 741, 743-44 (Tex. Crim. App. 
1994).  Our independent review of the record reveals that counsel has 
correctly determined that there are no arguable grounds for relief.
        There 
are no jurisdictional errors.  The indictments conferred jurisdiction on 
the trial court and provided Singleton with sufficient notice to prepare a 
defense.  See Tex. Const. 
art. V, § 12; Tex. Code Crim. Proc. Ann. 
art. 4.05 (Vernon Supp. 2004); Duron v. State, 956 S.W.2d 547, 
550-51 (Tex. Crim. App. 1997).
        The 
record reflects that Singleton knowingly and voluntarily entered his plea.  
After being admonished by his attorneys and the trial court regarding the 
consequences of his plea, Singleton insisted on pleading guilty to the jury and 
admitted his guilt in open court.  Nothing in the record would support a 
claim that Singleton's plea was involuntary.
        There 
are no Young-type errors upon which the judgment of guilt is predicated. See 
Young, 8 S.W.3d at 666-67.  Although Singleton raises legal and factual 
insufficiency and alleges that the evidence adduced at trial was insufficient 
and did not corroborate his confession, his plea of guilty before the jury 
admitted the existence of all necessary elements to establish guilt.  See 
Ex parte Martin, 747 S.W.2d 789, 792 (Tex. Crim. App. 1988) (op. on reh’g) 
(stating that in felony cases, where defendant pleads guilty to the jury, there 
is no question of sufficiency of evidence on appeal).  Because 
Singleton’s plea was knowingly and voluntarily made and because the evidence 
did not reasonably and fairly raise an issue as to Singleton’s innocence where 
he confessed to the offenses, Singleton’s complaint that the trial court 
failed to give a proper jury instruction (i.e., the court’s charge instructed 
the jury to find Singleton guilty) fails to persuade us.  See Montgomery 
v. State, 99 S.W.3d 257, 263 (Tex. App.—Fort Worth 2003, pet. struck) 
(holding that trial court did not err in instructing jury to find appellant 
guilty of offense where evidence did not reasonably and fairly raise issue of 
appellant’s innocence).  Additionally, because Singleton did not object 
to the jury charge at trial, he must prove that he was egregiously harmed by the 
trial court’s failure to include an instruction on innocence; he has not done 
this.  See Abnor v. State, 871 S.W.2d 726, 732 (Tex. Crim. App. 
1994) (stating that conviction should not be reversed based upon uncontested 
charge error absent egregious harm to appellant).
        Moreover, 
the record does not support Singleton's claims of ineffective assistance of 
counsel because there is no evidence that trial counsel's performance was 
deficient.  Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 
2052, 2064 (1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 
1999); Hernandez v. State, 988 S.W.2d 770, 770 (Tex. Crim. App. 
1999).  In the absence of a proper evidentiary record developed at a 
hearing on a motion for new trial, it is extremely difficult to show that trial 
counsel's performance was deficient. Gibbs v. State, 7 S.W.3d 175, 179 
(Tex. App.—Houston [1st Dist.] 1999, pet. ref'd). When there is no hearing on 
a motion for new trial, like here, an affidavit from trial counsel becomes 
almost vital to the success of a claim of ineffective assistance of 
counsel.  Howard v. State, 894 S.W.2d 104, 107 (Tex. App.—Beaumont 
1995, pet. ref'd). Because a motion for new trial nor an affidavit from trial 
counsel was filed in this case, Singleton failed to prove that his trial 
counsels’ performance was deficient.
        Furthermore, 
only one of the four factors of the Barker v. Wingo balancing test weighs 
in favor of Singleton’s claim that he was denied his right to a speedy trial. 
407 U.S. 514, 530, 92 S. Ct. 2182, 2192 (1972) (stating that four factors that 
must be balanced include length of delay, reason for delay, defendant’s 
assertion of his right, and prejudice to defendant resulting from the 
delay).  The record clearly shows that the delay of almost three years from 
the date of the arrest to the trial date weighs in favor of a finding of a 
violation of Singleton’s speedy trial right.  See Zamorano v. State, 
84 S.W.3d 643, 649 (Tex. Crim. App. 2002) (holding that delay of two years and 
ten months was sufficiently lengthy to trigger the court of appeals’ analysis 
of other Barker factors).  However, the record is silent as to why 
the delay occurred; thus, it weighs in neither party’s favor.  Dragoo 
v. State, 96 S.W.3d 308, 314 (Tex. Crim. App. 2003) (holding that in the 
absence of an assigned reason for delay, court may presume neither deliberate 
attempt on the part of the State to prejudice the defense nor a valid reason for 
the delay).  The third factor—defendant’s assertion of his 
right—weighs in the State’s favor where Singleton first asserted his right 
to a speedy trial eighteen months after his confinement began.[3]  
See Haney v. State, 977 S.W.2d 638, 642 (Tex. App.—Fort Worth 1998, 
pet. ref’d) (holding that appellant's failure to diligently assert his right 
to a speedy trial, where he filed motion for speedy trial eighteen months after 
arrest, weighs in favor of the State), abrogated on other grounds Howland v. 
State, 990 S.W.2d 274 (Tex. Crim. App. 1999).  And, the fourth factor, 
regarding the prejudice to the defendant resulting from the delay, weighs in the 
State’s favor where the strength of the State’s case and Singleton’s 
uncontested confession precluded any showing that Singleton was 
prejudiced.  See Thomas v. State, 530 S.W.2d 834, 836 (Tex. Crim. 
App. 1975).  Consequently, the record does not demonstrate that the trial 
court denied Singleton his right to a speedy trial. See Barker, 407 U.S. 
at 534, 92 S. Ct. at 2182 (holding that defendant’s right to speedy trial was 
not violated where defendant was not seriously prejudiced by five-year delay 
between arrest and trial and did not want speedy trial); Dragoo, 96 
S.W.3d at 316 (holding that delay of three-and-a-half years in bringing case to 
trial did not violate defendant’s right to speedy trial where defendant failed 
to demonstrate prejudice and acquiesced in delay for three-and-a-half years); Phipps 
v. State, 630 S.W.2d 942, 946 (Tex. Crim. App. [Panel Op.] 1982) (holding 
that defendant’s right to speedy trial was not violated where defendant 
demonstrated no prejudice by four-year delay between arrest and trial and waited 
until one month before trial to assert his right to speedy trial).
        Finally, 
the trial court assessed punishment within the statutory range.  Aggravated 
robbery is a first-degree felony with a penalty range of confinement in jail 
from five to ninety-nine years and up to a $10,000 fine.  See Tex. Penal Code Ann. §§ 12.32, 
29.03(b) (Vernon 2003).  Singleton was sentenced to twenty years in jail 
for each count, to be served concurrently.  There is nothing to suggest 
that the trial court erred in sentencing Singleton.
        Our 
independent review of the areas available to Singleton for an appeal leads us to 
conclude that there are no grounds upon which he could be arguably successful on 
appeal.  Therefore, we grant appellate counsel's motion to withdraw and 
affirm the trial court's judgments.
 
  
                                                                  PER 
CURIAM
  
  
PANEL 
F:   WALKER, J.; CAYCE, C.J.; and LIVINGSTON, J.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
August 26, 2004
 

NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
The potential claims raised by Singleton’s appellate counsel include 
insufficient admonishments to insure a voluntary plea, excessive sentence, and 
ineffective counsel.  However, counsel concludes that each of the potential 
claims result in no reversible error and that the appeal is frivolous.
3.  
The State also claims that this factor weighs in its favor because after 
Singleton filed his motions for speedy trial in December 2002, he filed repeated 
motions for dismissal of the claims against him.  See Phillips v. State, 
650 S.W.2d 396, 401 (Tex. Crim. App. 1983) (stating that “[a]lthough a motion 
to dismiss notifies the State and the court of the speedy trial claim, a 
defendant's motivation in asking for dismissal rather than a prompt trial is 
clearly relevant, and may sometimes attenuate the strength of his 
claim”).  However, the appellate record is devoid of any such motions for 
dismissal.