COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-184-CR

 

 

WARREN BRAZIEL                                                               APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL
DISTRICT COURT NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I.  Introduction

Appellant Warren Braziel appeals his conviction
for aggravated assault with a deadly weapon. 
A jury found Braziel guilty and assessed his punishment at ten years=
confinement.  In a single point, Braziel
challenges the factual sufficiency of the evidence to support his
conviction.  We will affirm.

 








II.  Background Facts

On the evening of August 7, 2006, Roy Gordon and
his girlfriend, Monnette Jenkins, attended a party at an apartment complex in
Dallas.  Gordon, who was carrying
Monnette=s cell
phone, received two or three calls from Braziel on Monnette=s cell
phone.  Braziel asked about Monnette, who
was his former girlfriend, wanting to know where she was and why Gordon was
with her.  Gordon asked Braziel why he
kept calling Monnette=s cell phone because Braziel and
Monnette=s
relationship was over.  Gordon described
Braziel as Amad@ and
testified that Braziel threatened him with the statement:  AI[>ve] got
something for you, partner.@  Gordon did not receive any further calls from
Braziel on Monnette=s cell phone.

Gordon and Monnette left the party early the next
morning around 1:30 a.m.  Gordon=s
cousin, Bentley Jenkins, agreed to drive Monnette=s
two-door Honda back to the home of Joyce Jenkins, Monnette=s
mother.  Gordon and Monnette sat in the
backseat, with Gordon behind the passenger=s seat
and Monnette behind the driver=s
seat.  Both Gordon and Monnette fell
asleep during the drive from Dallas to Fort Worth. 








After Bentley pulled into Joyce=s
driveway, Monnette woke up Gordon and told him that Braziel was there.  Gordon heard the passenger-side door opening,
saw that Braziel was the person opening the door, and heard Braziel threaten to
kill him.  Gordon testified that he saw a
.380 automatic in Braziel=s hands and that he heard
Braziel say, ANigga, I=ll kill
you,@ before
Braziel fired a shot through the rear, passenger-side window.  The bullet missed Gordon and exited through
the bottom, middle area of the back window.[2]  The shattered glass from the bullet caused
cuts to both Gordon and Monnette, who were both still in the backseat when
Braziel fired the gun. 

Bentley exited the car and ran into Joyce=s
home.  Joyce came to the front porch and
saw the passenger door open and Braziel standing next to the door.  She heard Braziel say, AI=m going
to kill you.@ 
She told Braziel to leave and went inside and called the police.  When she came back out, she noticed a handgun
in Braziel=s hand and saw him talking to
Monnette.  Braziel fled the scene before
the police officers arrived. 








Braziel testified and contradicted portions of
the above evidence.  First, although he
admitted that he had argued with Gordon during the cell phone calls, Braziel
denied saying, AI=ve got
something for you, partner.@  Second, he testified that he went to Joyce=s house
to speak with Monnette, not to confront Gordon. 
Third, Braziel claimed that he had planned to shoot the gun in the air
to inform Gordon that he was armed, but the weapon accidentally discharged
while he was approaching Monnette=s
vehicle.[3]  Fourth, he testified that the bullet shot
through the Apassenger side in the back.@[4]  Lastly, Braziel testified that, while holding
his gun, he never said to Gordon, AI=m going
to kill you,@ but instead stated, AI ought
to kill you.@ 
He did not, however, deny that AI ought
to kill you@ is threatening language, which
he said while exhibiting a gun. 

After hearing the above testimony, the jury found
Braziel guilty of aggravated assault with a deadly weapon and assessed his
punishment at ten years= confinement.  The trial court sentenced him accordingly.  This appeal followed. 

III.  Standard of Review








When reviewing the factual sufficiency of the
evidence to support a conviction, we view all the evidence in a neutral light,
favoring neither party.  Watson v.
State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); Drichas v. State,
175 S.W.3d 795, 799 (Tex. Crim. App. 2005). 
We then ask whether the evidence supporting the conviction, although
legally sufficient, is nevertheless so weak that the fact-finder=s
determination is clearly wrong and manifestly unjust or whether conflicting
evidence so greatly outweighs the evidence supporting the conviction that the
fact-finder=s determination is manifestly
unjust.  Watson, 204 S.W.3d at 414B15, 417;
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  To reverse under the second ground, we must
determine, with some objective basis in the record, that the great weight and
preponderance of all the evidence, though legally sufficient, contradicts the
verdict.  Watson, 204 S.W.3d at
417.








In determining whether the evidence is factually
insufficient to support a conviction that is nevertheless supported by legally
sufficient evidence, it is not enough that this court Aharbor a
subjective level of reasonable doubt to overturn [the] conviction.@  Id. 
We cannot conclude that a conviction is clearly wrong or manifestly
unjust simply because we would have decided differently than the jury or
because we disagree with the jury=s
resolution of a conflict in the evidence. 
Id.  We may not simply substitute
our judgment for the fact-finder=s.  Johnson, 23 S.W.3d at 12; Cain v.
State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record clearly reveals that a
different result is appropriate, we must defer to the jury=s
determination of the weight to be given contradictory testimonial evidence
because resolution of the conflict Aoften
turns on an evaluation of credibility and demeanor, and those jurors were in
attendance when the testimony was delivered.@  Johnson, 23 S.W.3d at 8.  Thus, we must give due deference to the
fact-finder=s determinations, Aparticularly
those determinations concerning the weight and credibility of the evidence.@  Id. at 9.

An opinion addressing factual sufficiency must
include a discussion of the most important and relevant evidence that supports
the appellant=s complaint on appeal.  Sims v. State, 99 S.W.3d 600, 603
(Tex. Crim. App. 2003). 

IV.  Factually Sufficient Evidence of Aggravated
Assault

Braziel couches his sole point as a challenge to
the factual sufficiency of the evidence supporting his conviction for
aggravated assault with a deadly weapon. 
Braziel argues that, while the evidence in the record is legally
sufficient to convict Braziel of aggravated assault, it is factually
insufficient because the overwhelming evidence establishes that he is guilty
only of the lesser included offense of deadly conduct. 

The trial court charged the jury on the lesser
included offense of  deadly conduct and
instructed the jury as follows:








Now, if you find from the evidence beyond a reasonable doubt that on
or about the 7th day of August 2006, in Tarrant County, Texas, the defendant,
Warren Braziel, did intentionally or knowingly threaten imminent bodily injury
to Roy Gordon and the defendant did use or exhibit a deadly weapon during the
commission of the assault, to-wit:  a
firearm, then you will find the defendant guilty of the offense of aggravated
assault.

 

Unless you so find from the evidence beyond a reasonable doubt, or if
you have a reasonable doubt thereof, you will find the defendant not guilty of
aggravated assault as charged in the indictment and you will next consider the
offense of deadly conduct.

 

Now if you find from the evidence beyond a reasonable doubt that on or
about the 7th day of August 2006, in Tarrant County, Texas, the defendant,
Warren Braziel, did knowingly discharge a firearm at or in the direction of one
or more individuals, then you will find the defendant guilty of the offense of
deadly conduct.

 

Unless you so find from the evidence beyond a reasonable doubt, or if
you have a reasonable doubt thereof, you will find the defendant not guilty. 

 








Thus, the jury charge properly did not allow the jury to reach the
lesser included offense of deadly conduct if it found Braziel guilty of
aggravated assault with a deadly weapon. 
See generally Hall v. State, 225 S.W.3d 524, 536 (Tex.
Crim. App. 2007) (explaining submission of lesser included offense
instruction); Salinas v. State, 163 S.W.3d 734, 741 (Tex. Crim. App.
2005) (same); Rousseau v. State, 855 S.W.2d 666, 672B73 (Tex.
Crim. App.) (same), cert. denied, 510 U.S. 919 (1993).  Because the jury found Braziel guilty of
aggravated assault with a deadly weapon and did not reach the lesser included
offense of deadly conduct, we will review the record to determine whether
factually sufficient evidence exists to support the jury=s
finding.

A person commits aggravated assault when he or
she intentionally or knowingly threatens to cause bodily harm to another while
exhibiting a deadly weapon.  Tex. Penal Code Ann. '' 22.01(a)(2),
22.02(a)(2) (Vernon Supp. 2007). 

In support of his factual sufficiency challengeCi.e.,
his contention that the overwhelming evidence establishes only deadly conductCBraziel relies
heavily on his trial testimony in arguing that he had no intention of shooting
Gordon and that he had brought the gun with him to Joyce=s house
only in case he needed to defend himself. 
Braziel also relies upon his testimony that he meant to discharge the
weapon in the air as a warning to Gordon and that this is confirmed by the fact
that Gordon was Anot injured.@  Finally, Braziel points out that because of
how close he was to the vehicle, he could have killed Gordon if he had wanted
to. 








We must, however, give due deference to the
fact-finder=s determinations, Aparticularly
those determinations concerning the weight and credibility of the evidence.@  Johnson, 23 S.W.3d at 9.  And here, the jury was free to discount
Braziel=s
testimony and to believe the testimony of both Gordon and Joyce that Braziel
threatened to kill Gordon as he held a gun in his hand.  In fact, Braziel himself admitted that he
threatened Gordon with the statement, AI ought
to kill you,@ while he exhibited a deadly
weapon.  Additionally, Braziel actually
discharged his gun, shattering the rear-side and back windows.  And finally, Braziel fled before police
arrived.  The Texas Court of Criminal
Appeals has held that escape, flight, and attempt to escape are always
admissible as a circumstance from which an inference of guilt may be drawn.  See, e.g., Thomas v. State, 530 S.W.2d
834, 836 (Tex. Crim. App. 1975).








Thus, examining all of the evidence in a neutral
light, favoring neither party, the evidence supporting Braziel=s
conviction for aggravated assault with a deadly weapon is not so weak that the
fact-finder=s determination is clearly wrong
and manifestly unjust.  Nor does the
conflicting evidenceCBraziel=s own
testimony raising the issue of deadly conductCso
greatly outweigh the evidence supporting the conviction that the fact-finder=s
determination is manifestly unjust.  See
Watson, 204 S.W.3d at 414B15, 417;
Johnson, 23 S.W.3d at 11; Burns v. State, No. 02-04-00601-CR,
2006 WL 412973, at *1B4 (Tex. App.CFort
Worth Feb. 23, 2006, no pet.) (mem. op., not designated for publication)
(holding that evidence was factually sufficient to support conviction for
aggravated assault with a deadly weapon, despite appellant=s
contention that the shooting was accidental, because evidence revealed that
appellant said, AWell, y=all
shouldn=t=ve made
me mad@ and
fled the scene after shooting).  We
therefore overrule Braziel=s sole
point.

 

V.  Conclusion

Having overruled Braziel=s sole
point, we affirm the trial court=s
judgment.

 

SUE
WALKER

JUSTICE

 

PANEL F:    CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: June 26, 2008











[1]See
Tex. R. App. P. 47.4.





[2]The crime scene
investigator, Officer David Ukel, testified that the bullet likely entered
through the right, rear window and exited through the rear windshield. 





[3]Braziel testified that he
brought the gun to protect himself from Gordon, 
but he admitted on cross-examination that he did not know that Gordon
was in the car.  On cross-examination,
the prosecutor also brought out that although Braziel claimed he was going to
fire the gun in the air to warn Gordon that he was armed, he also claimed he
did not know Gordon was in the car.  





[4]Braziel=s testimony on this
point, however, is a little unclear because he pointed out the entry and the
exit of the bullet on exhibits shown to him during his testimony, and we cannot
discern where he pointed from the record.